RICH v. EASON et al.  (No. 416.)

(Court of Civil Appeals of Texas. Beaumont.
June 4, 1919.)

1. LIBEL AND SLANDER 42(1)—PRIVILEGED COMMUNICATIONS—GRAND JURORS.

In action against grand jurors for making a report to the court that sheriff and others were guilty of immoral conduct unbecoming to dignity of their positions, defendants had the legal right to assert the common-law defense of conditional privilege, despite Acts 27th Leg. c. 26, § 4, as to what publication shall be privileged.

2. TRIAL 169—DIRECTION OF VERDICT.

There being no issue to go to the jury, the trial court properly instructed a verdict for defendants.

Appeal from District Court, Nacogdoches County; L. D. Guinn, Judge.

Action by H. C. Rich against George W. Eason and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Ingraham & Watson, of Nacogdoches, and Woods, Barkley & King, of Houston, for appellant.

S. W. Blount and S. M. Adams, both of Nacogdoches, for appellees.

WALKER, J. This is the second appeal in this case. The first appeal is reported in 180 S. W. 305, in an opinion by Judge Brooke. In this former opinion a full, detailed, and complete statement is made of the issues involved in this case. The alleged libelous matter is fully set out. On the former trial, the trial court sustained a general demurrer to plaintiff's petition, holding, in effect, that the matter set out as a basis of the libel was absolutely privileged and could not be the

basis of the cause of action. We reversed this ruling of the trial court, and remanded this case for further proceedings. When the case was again called for trial, the testimony was all introduced, and thereupon the trial court instructed a verdict for the defendants. For the purpose of this opinion, we adopt the statement made on the former appeal, and we give the following additional statement of the nature and result of this last trial, as taken from appellant's brief:

"On October 30, 1914, appellant instituted this suit in the district court of Nacogdoches county, being one for damages occasioned by the issuance and publication of a statutory libel.

"By amended petition filed February 9, 1915, it is alleged that appellees, G. W. Eason and the eleven others, composing the grand jury of the district court of Nacogdoches county, at its fall term, 1914, issued and published a report to the judge of said court, of and concerning appellant, Rich, who was sheriff of the county at the time, and which publication, among other things, contained the following charge:

"'We regret exceedingly that it becomes our duty to report to your honor that we have been apprised of the fact that the sheriff's office, the constable of precinct No. 1 and the marshal of the city of Nacogdoches, are guilty of immoral conduct unbecoming the dignity of their exalted positions. We make this report that the public may have the benefit of our investigations, and may be able to avoid the election of officers in the future who may become derelict of their moral obligations to the people who elect them.'

"It was further alleged that the publication was without authority of law, was willfully and maliciously made, and that plaintiff was damaged because thereof in the sum of ten thousand dollars; all necessary elements of damage being plead. The report so made by appellees upon which the action was based was attached to the amended petition as Exhibit A.

"Appellees answered by general and special exceptions, that the charges complained of were in fact true, and the report therefore justified; that the report was privileged because made by the grand jury of said county, in the performance of their duties; that the same was made with probable cause and in good faith.

"Upon the trial, February 19, 1918, the court gave a peremptory instruction to the jury to return a verdict in favor of the defendants, this being done after appellant had excepted to such charge, and filed request for special charges. The jury returned a verdict in obedience to such peremptory instructions in favor of the appellees, and judgment was entered by the court accordingly.

"To such judgment the appellant excepted, and gave notice of appeal to this honorable court, and in due time filed his appeal bond, and thereafter filed assignments of error, thus perfecting the appeal, and presenting the matter to this honorable court for revision.

"The report of the grand jury, as pleaded, was offered in evidence. Appellant testified that he was sheriff of Nacogdoches county at the time, and was just approaching the close of his second term; that he was a man 47 years of

age, had a family, consisting of a wife and several children, several of whom were grown daughters, and each of whom had heard of such report,. and in humiliation had discussed the same with him; that he was greatly mortified and humiliated and worried over the report; and that he had numerous friends who frequently approached him with reference to the same; that he was not guilty of any act of immorality, as charged by the report.

"No evidence was introduced by the appellees as to the truth of the charge, but each of them testified over appellant's objection that the report was based upon testimony of witnesses before their body, which led them to believe in good faith that appellant had been guilty of such immoral conduct. All of them testified that they were friends to appellant, and did not desire to injure him in any way.

"On this proof, the court gave a peremptory instruction, evidently based on the theory that the report was qualifiedly privileged, and so being was not libelous, in the absence of proof of actual malice. The conclusion of the court is evidently based in a large measure upon certain statements contained in the opinion of this honorable court upon the former appeal of this case. 180 S. W. 303 et seq."

Appellant advances the following proposition:

"The publication being libelous per se, and the appellees as a grand jury being under no duty to make any report with reference to the subject-matter, and the same not being within the terms of the act of 1901 providing what publications should be privileged, appellant was entitled to recover compensatory damages, as well as exemplary damages, mitigated only by the good faith of appellees in making the report."

Under this general proposition, appellant advances Point III, as follows:

"Since the passage of the act of 1901 providing what publications shall constitute libel and what publications shall be privileged, the defense of a qualified privilege is not applicable in a libel suit in this state"—citing Galveston Tribune v. Johnson, 141 S. W. 302, and Light Publishing Co. v. Lewy, 52 Tex. Civ. App. 22, 113 S. W. 575.

Appellant especialy calls our attention to the following citation from Galveston Tribune v. Johnson, supra:

"We cannot believe·that the Legislature intended, by what is said in section 4 of the act, to wit, 'That nothing in this act shall be construed to take away any existing defense to a civil action for libel,' to so qualify the definition of privileged matter given in the preceding sections of the act.

"At the time of the passage of the act, other matters than those referred to, when published in a newspaper without malice and upon reasonable grounds in good faith believed to be true, were privileged. We think that such matters are now so privileged, but we do not think that since the passage of the act the doctrine of qualified privilege, as it existed prior thereto,

as a defense to the action of libel can be invoked to protect appellant, when the publication of an untrue account of such proceedings as are referred to in the statute, on the ground that the publisher honestly believed the statements to be true. The Legislature did not intend, when in the last section of the statute it preserved existing defense, to practically destroy the limitations and conditions made essential by the other sections of the statute to the privilege declared to be a defense."

In the case just quoted from, Judge Reese was discussing the relation of the libel law to newspaper publications. The effect of his holding is that the publication of the matters set out in article 5597 under the conditions stated in that article are absolutely privileged, but, in order to make such matters privileged, the conditions stated in article 5597 must exist. Hence, as we construe the decisions cited by appellant, they have especial application only to that feature of the libel law relating to newspaper publications. But, as in the instant case, there are many ways of circulating a libel besides through the newspapers, and the defense of conditional privilege, as it existed at common law prior to the enactment of the libel law of Texas in 1901 (Acts 27th Leg. c. 26), has uniformly been recognized by our Courts of Civil Appeals since that time, and we have not found an instance where the defendant has been denied this defense, unless Galveston Tribune v. Johnson is an exception, and we do not construe it as authority against this holding. As we construe the decisions of our courts, they have uniformly reaffirmed the defense of conditional privilege. Walker v. San Antonio Light Publishing Co., 30 Tex. Civ. App. 165, 70 S. W. 555; A. H. Belo & Co. v. Lacy, 111 S. W. 215; Koehler v. Dubose, 200 S. W. 238; Palatine Ins. Co. v. Griffin, 202 S. W. 1026.

In Koehler v. Dubose, supra, Chief Justice Fly, discussing the amendment of 1917 (Acts 35th Leg. c. 206 [Vernon's Ann. Civ. St. Supp. 1918, arts. 5598, 5598a]) to article 5598, says:

"The effect of that amendment was to more explicitly reserve common-law defenses, and the enactment of it cannot be deemed to be a legislative construction that the law of 1901 had deprived defendants of common-law defenses. It may be that the amendment was enacted to meet the fact that the part of the act of 1901 as to defenses was not inserted by the codifiers in the Revised Statutes of 1911. The fact that the part of the act in question was omitted from the statutes by the codifiers might create confusion and lead to the belief that a portion of the law had been repealed, and the Legislature deemed it essential or expedient to remove all doubts in connection with the matter. We hold that at no time since the enactment of the law of 1901 has any one, under proper circumstances, been deprived of common-law defenses against libel. Berry v. State, 69 Tex. Cr. R. 602, 156 S. W. 626."

Again, in Palatine Ins. Co. v. Griffin, supra, the defense of conditional privilege as recognized by us in the former appeal of this case is directly recognized; the court saying:

"The appellants requested the court to charge the jury that the reports of Cole to the insurance companies represented by him were privileged, if made to such companies for the purpose of protecting their interests and in the discharge of his own duties, and the statements contained therein were made in good faith and upon the belief on reasonable grounds that they were true, and statements made under such circumstances would not be unlawful though in fact untrue. We think this instruction should have been given. There can be no doubt that such communications are to be classed as conditionally privileged. Schulze v. Jalonick, 18 Tex. Civ. App. 296, 44 S. W. 580; Mo. Pac. Ry. Co. v. Richmond, 73 Tex. 568, 11 S. W. 557, 4 L. R. A. 280, 15 Am. St. Rep. 794; G., C. & S. F. Ry. Co. v. Floore, 42 S. W. 611; Cranfill v. Hayden, 97 Tex. 544, 80 S. W. 614. Which means that the inference of malice ordinarily to be drawn from the mere publication of false statements of a slanderous nature will not obtain from the mere showing of the fact of such communications if they are conditionally privileged."

Also:

"Communications passing between the state agents of the defendants and their local agents at Amarillo, and any communications from one insurance company to another, made with reference to matters in which such companies were mutually interested, and for the purpose of protecting such interest, would be for the same reasons conditionally privileged."

[1] Hence, under the authorities above cited, we reaffirm the announcement, made in the former appeal of this case, that these defendants had the legal right to assert the common-law defense of conditional privilege, and, as we construe the statement from appellant's brief and the entire record in this case, this defense was fully and absolutely established.

[2] There being no issue to go to the jury, the trial court properly instructed a verdict for the defendants.

This cause is in all things affirmed.