**T. E. DUNNAM, Appellant,**

v.

**M. G. DOLEZAL et al., Appellees.**

**No. 13712.**

Court of Civil Appeals of Texas.

San Antonio.

April 26, 1961.

Rehearing Denied May 24, 1961.

Thornton & Hosey, Galveston, for appellant.

Wiley L. Cheatham, Cuero, Jean Day, Jack Fields, Carey Legett, Keith L. Merrick,

George Fred Rhodes, Howard G. Hartzog, R. A. Barton, D. D. Boyd, Lawrence A. Dio, Willis F. Jetton, Port Lavaca, for appellees.

MURRAY, Chief Justice.

This is a suit for an alleged libel. The libelous statements were alleged to have been contained in a written report of a Calhoun County Grand Jury, made to Hon. Howard P. Green, District Judge of the 24th Judicial District, Calhoun County being one of the counties composing that district. T. E. Dunnam, Esq., plaintiff below and appellant here, made a motion for a change of venue as is provided for by Rule 257, Texas Rules of Civil Procedure. The defendants below and appellees here made a motion for summary judgment, which was replied to by appellant. The trial court granted the motion for summary judgment, and T. E. Dunnam, Esq., has prosecuted this appeal.

The controlling question in this case is whether a written report of a grand jury is absolutely privileged or only conditionally privileged. The part of the written report complained of reads as follows:

"We further report that it appears to this Grand Jury, from our investigation that T. E. Dunnam, the attorney representing some of the persons accused of thefts and burglaries, has been guilty of misconduct as an attorney and should be answerable to the Calhoun County or State Bar Association for such misconduct and respectfully report that said attorney secreted certain persons in his law office overnight knowing that such persons were being hunted by officers of the law. And that said attorney recorded a telephone conversation between himself and an officer of the law in violation of a Federal Law and which actions, T. E. Dunnam refused to further testify before the Gand Jury, standing on his constitutional rights by invoking the 5th Amendment."

■ This statement if untrue and made with malice would be actionable unless privileged. In Rich v. Eason, 180 S.W. 303, the Beaumont Court of Civil Appeals held that such a report by a grand jury is not absolutely privileged and reversed and remanded the judgment of the trial court which sustained a demurrer and dismissed the cause.

Upon remand, the cause was tried and after hearing all the evidence the trial court instructed a verdict .for the defendants, and the plaintiff, H. C. Rich, again appealed. The opinion on that appeal is found in 214 S.W. 581, 583, wherein the Beaumont Court of Civil Appeals held as follows:

"Hence, under the authorities above cited, we reaffirm the announcement, made in the former appeal of this case, that these defendants had the legal right to assert the common-law defense of conditional privilege, and, as we construe the statement from appellant's brief and the entire record in this case, this defense was fully and absolutely established.

"There being no issue to go to the jury, the trial court properly instructed a verdict for the defendants.

"This cause is in all things affirmed."

■ This opinion, rendered on June 4, 1919, has stood through the years without being overruled or criticized, as the law governing libel suits based upon reports made by grand juries. There are decisions of other states holding reports made by grand juries to be absolutely privileged. See 42 A.L.R.2d, Annotations, pp. 825 et seq. We are of the opinion that this State is committed to the rule that such reports are only conditionally privileged.

■ The summary judgment rendered herein could only be upheld upon the rule that such reports are absolutely privileged, in view of the fact that appellees' motion for summary judgment was controverted by appellant and such controverting affidavit was sufficient to show that there. were issues of fact to be tried in this case.

We do not find it necessary or proper to pass upon the other questions presented by appellant.

Accordingly, the judgment of the trial court is reversed and the cause remanded.