## W. E. BERRY v. STATE.

No. 2387.    Decided March 19, 1913.

Rehearing denied April 16, 1913.

**1.—Illegal Hunting—Inclosures—Statutes Construed.**

The Act of 1899 did not repeal Article 804, Penal Code, of the Act of 1895, and the Act of 1903 did not repeal the Act of 1899 with reference to hunting in inclosed lands of another.

**2.—Same—Statutes Construed—Enclosure.**

Article 804, Penal Code, of the Act of 1895 did not apply to inclosures of two thousand acres or more, as provided by Article 805, id.

**3.—Same—Statutes Construed—No Repeal.**

The Act of 1899 specifically states in section 4 that it does not repeal Articles 804 and 805, Penal Code of 1895, and section 2 of the Act of 1903 specifically provides that it does not apply to inclosures containing two thousand acres or more.

**4.—Same—Statutes Construed—Posting—Pastures.**

The law of 1903 provided that one who shall hunt within the enclosed lands of another containing less than two thousand acres without the consent of the owners shall be punished, while one who shall hunt within the inclosed lands of another containing more than two thousand acres, etc., shall also be punished; the distinction being that in inclosed lands of less than two thousand acres, the lands need not be posted, while in inclosures of two thousand acres or more, they must be posted.

**5.—Same—Codification of Laws—Codifier Could Not Repeal.**

The Legislature did not confer on the codifiers power or authority to enact or repeal any law under the Act of 1909, and when the codifiers brought

forward the Act of 1903 and omitted the Act of 1899, said latter Act was not thereby repealed.

#### 6.—Same—Statutes Construed—Statutes Not Repealed.

The Code prepared by the codifiers and adopted by the Legislature in 1911 did not in any provision thereof deal with hunting on inclosed lands of another of two thousand acres or more, and, therefore, did not repeal the Act of 1899, either expressly or by implication, and the same is still in full force and effect.

#### 7.—Same—Precedent—Repeal by Implication Not Favored.

See opinion for discussion of rules of construction as to direct repeal and repeal by implication of statutes.

Appeal from the County Court of Medina. Tried below before the Hon. H. E. Haass.

Appeal from a conviction of unlawfully hunting in the inclosed lands of another, said inclosure being posted and containing more than two thousand acres.; penalty, a fine of $5.

The opinion states the case.

*V. H. Blocker,* for appellant.—The Court erred in its opinion overruling appellant's contention in holding that the Acts of the Legislature of 1899 did not amend Article 804 of the Acts of 1895, as Sec. 4, Acts of 1899, expressly provided that nothing in said Act shall be construed to repeal the present law relating to enclosures of 2000 acres or less. The then present law referred to by Sec. 4 being Article 804 of the Acts of 1895, Penal Code, which said Act exempted from the operation of said law enclosures of 2000 acres, thereby providing that posting of the enclosures extended only to less than 2000 acres, which said Act would not conflict with Sec. 4 of the Act of 1899, in that said Act of 1899 intended to amend said Act of 1895 by extending the necessary prerequisite of that law ''posting'' of the enclosure beyond 2000 acres, or rather, was unlimited as to the number of acres in one enclosure; hence, virtually, the Act of 1899 took the place of the Acts of 1895, Article 804, by the addition of the Acts of 1899, which covered by ''posting'' all enclosures over 2000 acres. Dickinson v. State, 41 S. W. Rep., 759, and authorities there cited.

The Court committed error in construing the Act of 1895, Article 804, Penal Code, in that said Sec. 2 of said Act provides that said Act shall not apply to enclosures including 2000 acres in one enclosure; hence, reason and common sense will say that 2000 acres or more than 2000 acres in one enclosure is exempt from the provisions of the Act, which exact point, or vice, in the Act, was sought by the Legislature to be cured by the Act of 1899, by placing all enclosures over 2000 acres when ''posted'' under the ban of the Act of 1899.

The Court committed error in holding the Act of 1903 did not amend or repeal the Act of 1899, because said Act of 1903 by its very terms expressly excluded the question of ''posting'' all enclo-

sures of less or more than 2000 acres, thereby making it an offense per se to hunt in an enclosure of less than 2000 acres without being posted, and no offense to hunt in an enclosure of more than 2000 acres. The clear distinction between the two Acts being the words "posting by the owner, etc.," as in the Acts of 1895 and 1899 (being vicious), the Legislature enacted the law of 1903, and by that Act cleared the law of such an erroneous wording as "posting" of the enclosure of less than 2000 or more than 2000 acres, and appellant here calls the Court's attention to the authorities and argument in his brief (pp. 4 and 5), which the appellant fears was inadvertently by the Court overlooked. See Dickson v. State, 41 S. W. Rep., 759; State v. Smith, 44 Texas, 443; Stebbins v. State, 22 Texas Crim. App., 32; Cain v. State, 20 Texas, 355; Ex Parte Cox, 53 Texas Crim. Rep., 240, 109 S. W. Rep., 369.

The Court committed error in its opinion in holding that the Acts of the Thirty-Second Legislature adopting the Revised Penal Code did not repeal all Acts heretofore made as the law, ("which includes the Acts of 1895 and 1899,") excepting such as were brought forward by the codifiers, for the reason the enacting bill providing for the adoption of the Code as revised by the codifiers specifically sets forth in Sec. 4 that "nothing in this Act shall be construed or held to repeal or in any wise affect the validity of any law or Act passed by this Legislature at its regular session," thereby *clearly* and *conversely* repealing all laws not brought forward by the codifiers, except such laws as were passed by the Thirty-Second Legislature of 1911, and appellant submits that the intent of the Legislature in adopting the Penal Code of 1911 as revised by the codifiers, can be better arrived at by this Court from the words used in the Act itself and the converse proposition thereof, than by the adopted form of past Legislatures * * *. The Act of adoption provides, Sec. 1, "that the following titles, chapters, and articles *shall* hereafter constitute the Penal Code of the State of Texas." Sec. 4 provides, "nothing in this Act *shall* be *construed* or held to *repeal* or in any wise affect the validity of any law or Act passed by this Legislature at its regular session." Clearly then, the intent of the Legislature, was to repeal all laws not included in the Revised Penal Code, which was then adopted as the Penal Code of Texas, except such as was or were passed by that Legislature at its regular session, although it does not in words expressly say that all laws not herein adopted are repealed.

*C. E. Lane*, Assistant Attorney-General, for the State.—The Act of 1903, page 159, which Appellant claims is in conflict with the Act of 1899, is a General Law, same being an amendment to Article 804 and 805, of the Penal Code of 1895, the Act makes it an offense to enter the enclosed lands of another—and therein hunt with firearms or therein catch or take any fish—or in any other manner depredate upon the same. It also provides that the same shall not apply to

enclosures containing over 2000 acres. Both Acts can exist at one and the same time: Revised Penal Code 1895, 804 and 805; Acts 26th Legislature, 1899, page 173; Acts 28th Legislature, 1903, page 159; Acts 28th Legislature, 1903, page 193; Braun v. State, 49 S. W. Rep., 620, and cases cited; Ex Parte Keith, 83 S. W. Rep., 683; Parshall v. State, 62 Texas Crim. Rep., 177, 138 S. W. Rep., 759; State v. Duke et al., 137 S. W. Rep., 654; 36 Cyc. 1095 (Section ''F'').

*Denman, Franklin & McGown,* also for the State.—The Legislature in adopting the Revised Statutes of 1879 and of 1895, did in each case provide respectively as follows:

''Revised Statutes of 1879, Sec. 3. Be it further enacted, etc., that all penal laws and all laws relating to criminal procedure in this State, that are not embraced in this Act, and that have not been enacted during the present session of this Legislature, be, and the same are hereby repealed.''

''Revised Statutes of 1895, Sec. 3. Be it further enacted, etc., that all penal laws and all laws relating to criminal procedure in this State, that are not embraced in this Act, and not enacted by the 23d Legislature and during the session of the Legislature adopting the Code, be, and the same are hereby repealed.''

The Legislature in adopting said code in 1911, knew that the passage of the sections just above quoted, in the acts of 1879 and 1895, adopting the codes of those years respectively, had caused considerable trouble, because laws were omitted by oversight which were not intended to be repealed, but which in fact were repealed by the adoption of the sections just above quoted, and therefore the Legislature adopting said penal code in 1911, avoided the difficulty which had resulted from the adoption of said Sections 3 just above quoted by refusing to bring any such section into the act adopting the code of 1911.

We repeat that if the Legislature, in adopting said penal code in 1911, had intended to repeal all of the statutes passed from the date of the Revised Statutes of 1895, which might have been overlooked by the commissioners, they would have inserted a provision similar to the one just above quoted as having been inserted by the Legislature in the Act of March 17th, 1879, adopting the code of 1879, and in said Act adopting the code of 1895, and the failure to follow the precedent established by the Legislature in 1879 and 1895, in adopting the codes of those years, shows that the Legislature in 1911 did not intend, by adopting said penal code of 1911 to repeal any criminal law which might have been omitted or overlooked by the codifiers in collecting the statutes therein.

Again, said penal code of 1911 was adopted at the regular session of the Thirty-second Legislature, and said Thirty-second Legislature, at the same session, passed an act, approved March 11th, 1911 (Acts of Regular Session, page 90), amending said Act of 1899, with reference to hunting by providing that it should be in force in all the

counties of Texas except Upton County, and repealing all laws, and parts of laws in conflict with the provisions of such Act amending the Act of 1899.

Now, it is a well-settled rule of construction of this State that all the Acts of a Legislature, passed at a given session, must be construed together as if constituting one Act, and so construing them it is inconceivable that a construction can be adopted which would hold that the Legislature at its regular session, in 1911, adopting said penal code, could have intended thereby to repeal the hunting Act of 1899, when it, at the same time, passed the Act just referred to, amending and putting in force such hunting Act of 1899 in all the counties of the State except Upton and repealing all laws in conflict with such last Act putting the hunting Act in force in all the counties except Upton.

When we remember that it is the purpose of the court simply to find out whether the regular session of the Legislature of 1911 intended to repeal said hunting Act of 1899 by simply omitting it from the penal code, an omission which evidently resulted from an oversight it is clear that the courts will hold, from the Acts of the Legislature above recited, that the Legislative intent was that the commissioners should include said Act of 1899 in the penal code along with all other acts of a criminal nature passed since the Revised Statutes of 1895, and that the omission thereof from the penal code is not evidence of an intention to repeal said Act of 1899.

Act providing for revision of the Civil and Penal Code, approved March 19th, 1909, page 130.

Act adopting the Penal Code of the State of Texas passed at regular session Thirty-third Legislature, 1911.

Act approved March 11th, 1911, at regular session of the Thirty-second Legislature, amending said Hunting Law so as to leave it in effect in all the counties of the State of Texas except Upton. Page 90 said Sessions Acts. Cain v. State, 20 Tex., 355; Flores v. State, 53 S. W., 346; Phipps v. State, 36 S. W., 753; Ex Parte Cox, 53 Texas Crim. Rep., 240; Braun v. State, 49 S. W., 620.

Section 3 of the Act approved March 17th, 1879, adopting the Penal Code and Code of Criminal Procedure of the State of Texas, found on page 157 of the Code of Criminal Procedure.

Section 3 of the Act adopting the Penal Code and Code of Criminal Procedure of the State of Texas, passed in 1895, found on page 182 of the Code of Criminal Procedure of 1895.

*Searcy & Browne,* also for the State.—This Act was passed in May, 1899, and is an Act to promote agriculture and stock raising. It was amended by the Legislature of 1903, page 193 Sessions Acts, so as to include the counties not before included within its provisions. It was further amended in the same particular in 1905, page 98 of the Sessions Acts. It was further amended in the same particular in 1907, page 190 of the Session Acts. It was further amended in the

same particular in 1909 on page 58 in the Session Acts, on page 135 of the Session Acts. It was amended in the same particular in 1911, page 90 of the Session Acts. This original Act is not an amendment to any existing law, nor to any part or article of the Penal Code.

You will notice that the codes of 1879 and 1895 when adopted, provided absolutely that the fact that any act was omitted from that code should repeal that Act, but the code of 1911 has not such provision, and this we think is a plain statement that it is not intended for any omission to effect a repeal, for the three codes are substantially identical as to the provisions in regard to their adoption, except for this difference.

But the Legislature which passed the Act of 1899 left no doubt as to what they intended its statutes to be among the laws on the same subject. In Sec. 4 of said act there is the express provision that that act should not repeal or in any way affect Arts. 804-805 in the Penal Code.

We think that from a consideration of the law of this State, as it now is and from a consideration of the decisions of the courts of this State discussing the various revisions of our Statutes that it will occur to any lawyer that the fact that the codifiers in revising the laws of 1911 failed to incorporate in that revision the hunting Act of 1899 could not in any possibility repeal that Act. Cain v. State, 20 Texas, 355; Phipps v. State, 36 Texas Crim. Rep., 216; Crawford v. State, 39 S. E. Rep., 372; Braun v. State, 49 S. W. Rep., 620; Ex Parte Beverly, 34 Texas Crim. Rep., 644; Ratigan v. State, 33 Texas Crim. Rep., 301; State v. Larkin et al., 90 S. W. Rep., 912; Ex Parte Cox, 53 Texas Crim. Rep., 240, 109 S. W. Rep., 369; Heil v. Martin, 70 S. W. Rep., 430; Flores v. State, 53 S. W. Rep., 346.

HARPER, JUDGE.—Appellant was prosecuted and convicted of hunting in inclosed lands of another, said inclosure being posted and containing more than 2000 acres. Appellant admitted that the pasture was inclosed, posted and contained more than 2000 acres of land in the inclosure, his whole contention being that no law of this State made it an offense to hunt in such an inclosure.

His first contention is that the Act of the Legislature of 1899, repealed Article 804 of the Penal Code, Acts of 1895, and that the Act of the Legislature of 1903, repealed the Act of 1899. By reference to the Acts it will be seen that Article 804 of the Code of 1895, did not apply to inclosures of 2000 acres or more (Art. 805). The Act of 1899 specifically states in Sec. 4 that it does not repeal Articles 804 and 805 of the Code of 1895, and Sec. 2 of the Act of 1903, specifically provides that it does not apply to inclosures containing 2000 acres or more. So the first contention can not be sustained, and we find that the laws of this State in 1903, provided that one who shall hunt within the inclosed lands of another, containing less than 2000 acres, without the consent of the owner, shall be

punished by a fine not less than $10 nor more than $100; while one who shall hunt within the inclosed lands of another, containing more than 2000 acres, without the consent of the owner, which land has been posted, shall be punished by a fine not exceeding $200. The distinction in the two acts being that in inclosed lands of less than 2000 acres the lands need not be posted, while in inclosures of 2000 acres or more, at each entrance, the owner must conspicuously notify the public that it is "posted,"—the punishment varying. This is a proper distinction and classification, and neither Act repealed the other.

The other question raised may be said to be one of more difficulty. In 1909 the Legislature provided for a codification of the laws, but no one, we think, can contend that the Legislature conferred on this codifying board or commission power or authority to enact or repeal any law, and, it did not attempt to do so. The only question in this case is, whether the Legislature in adopting the report of this codifying board, or commission, did repeal any law theretofore legally adopted by the Legislature. The codifying commission brought forward in the Code, arranged by them, the Act of 1903, and numbered it Article 1255 and entirely omitted from this Code, so prepared, the Act of the Legislature of 1899, which applied to inclosures containing 2000 acres or more.

In 1911, the Legislature enacted this Code by bill, providing: "Sec. 1—That the following titles, chapters, and articles, shall hereafter, constitute the Penal Code of the State of Texas. Sec. 4— Nothing in this Act shall be construed or held to repeal, or in anywise effect the validity of any law or Act passed by this Legislature at its regular session." Thus it is seen that the laws passed by the Legislature, assembling in January, 1911, were specifically exempted from repeal, but no other Acts were so specifically exempted. The Act punishing hunting or for fishing on the inclosed posted lands of another, containing 2000 acres or more, was passed in 1899, and the Code prepared by the codifiers and adopted by the Legislature in 1911, did not in any provision thereof, deal with hunting on inclosed lands of another of 2000 acres or more. The code or bill as enacted did not specifically repeal this law, but it did provide that the "titles, chapters, and articles shall hereafter constitute the Penal Code." Thus it is seen that if the Act of 1899 is repealed, it is repealed by implication, and by no specific provision of the Code or act of the Legislature. No one had the authority to repeal except the legislative body of this State. In that excellent work, 36 Cyclopedia of Law, page 1071, it is said:

"A legislature may express its will in any form—affirmative or negative—that it pleases, so long as it does not transgress constitutional prohibitions. It is under no obligation to use words of express repeal. But the repeal of statutes by implication is not favored by the courts. The presumption is always against the intention to repeal

where express terms are not used. To justify the presumption of an intention to repeal one statute by another, either the two statutes must be irreconcilable, or the intent to effect a repeal must be otherwise clearly expressed. It follows that where the intention not to repeal is apparent or manifest from an Act there is no room for repeal by implication, or the application of rules regarding implied repeal,'' citing authorities from Alabama, California, Colorado, Georgia, Illinois, Indiana, Iowa, Kentucky, Louisiana, Massachusetts, Michigan, Mississippi, Missouri, Nebraska, New Jersey, New York, North Carolina, Pennsylvania, Tennessee, Virginia, Washington, Wisconsin, and other States, showing that the great weight of authority favors the rule as thus announced.

In 26 American & English Encyclopedia of Law, pp. 717 et seq., it is said:

"An express repeal of a statute may be accomplished, as the term implies, only by positive enactment. Therefore, a recital in the title of an Act that its purpose is to repeal a previous Act is not of itself sufficient for that purpose, because the title is not an operative part of the Act. There must be a repealing clause in the body of the statute. But, inasmuch as the question of repeal is always one of legislative intent, an express declaration that a particular statute is repealed will not be given effect where it is apparent that the Legislature did not so intend.

"Where an Act is passed covering the whole of a particular subject or field of legislation, it is customary to insert a general clause repealing 'all Acts or parts of Acts inconsistent therewith,' and such a clause is effective in repealing inconsistent enactments, in the absence of any constitutional prohibition against such method of repeal; but the repeal extends only to those Acts on the same subject or parts of such Acts clearly inconsistent and irreconcilable with the provisions of the repealing Act, and only to the extent of the conflicting provisions.

"A statute is repealed by implication whenever it becomes apparent from subsequent legislation that the Legislature does not intend the earlier Act to remain in force, and the converse of this proposition is that no statute will operate as an implied repeal of an earlier statute, if it appears that the Legislature did not intend it so to operate. Though repeal by implication is not favored, it necessarily results in any case of repugnancy or inconsistency between two successive statutes, or in any case where the intention of the Legislature is manifest that a later statute should supersede an earlier one.

"Repeals by implication are not favored, and will not be indulged unless it is manifest that the Legislature so intended. As laws are presumed to be passed with deliberation and with full knowledge of all existing laws on the subject, it is but reasonable to conclude that in passing a statute it was not intended to interfere with or abrogate any former law relating to the same matter, unless the later Act is

either. repugnant to the earlier one, or fully embraces the subject-matter thereof, or unless the reason for the earlier Act is beyond peradventure removed," citing authorities from almost every State in the Union. There being in the Code of 1911, no express repeal of the Act of the Legislature of 1899, and no provision of the Code of 1911 dealing with the subject of the Act of the Legislature of 1899, we are of the opinion that the Act of the Legislature adopting the codification of the laws as prepared by the commission, did not repeal the Act of 1899, and it is still in full force and effect.

Had the Act of the Legislature in adopting the codification contained an express repealing clause, or had the Code as thus adopted dealt with the subject of hunting in inclosures containing 2000 acres or more, a more difficult question might have been presented. But as the Code prepared by the codifiers, does not deal with this subject, and there is no express repealing clause contained in the Act adopting this code, we are of the opinion that the Act of 1899, punishing persons for hunting in the inclosed posted lands of another, containing 2000 acres or more, has not been repealed and the Act of 1899 is in full force and effect, and being of this opinion, the judgment is affirmed.

Excellent briefs have been filed in this case by Denman, Franklin & McGown, and Searcy & Browne, and they have been of very material aid to us, and they will be published in connection with this opinion.

*Affirmed.*

[Rehearing denied April 16, 1913.—Reporter.]