### J. A. PARTRIDGE V. THE STATE.

#### No. 3311.    Decided November 4, 1914.

**Hunting with Firearms—Enclosed Land—Information.**

Where the information did not charge an offense under the Act of 1899, relating to posted lands used for agricultural or grazing purposes upon which stock were being herded or grazed, nor under the Act of 1903, amending article 804, White's Penal Code, relating to enclosures of less than two thousand acres, whether posted or not, etc., a motion to quash should have been sustained.

Appeal from the County Court of Throckmorton.    Tried below before the Hon. T. J. Wright.

Appeal from a conviction of unlawfully entering the enclosed lands of another and hunting therein with firearms; penalty, a fine of $10.

The opinion states the case.

*J. S. Kendall,* for appellant.—On question of insufficiency of indictment: Berry v. State, 69 Texas Crim. Rep., 602, 156 S. W. Rep., 626; chapter 102, General Laws of 1899.

*C. E. Lane,* Assistant Attorney General, for the State.—Cited cases in opinion.

HARPER, JUDGE.—Appellant was convicted under an information alleging that appellant "did then and there unlawfully enter upon the enclosed and posted lands of Reynolds Cattle Co., a corporation duly incorporated under the laws of the State of Texas, without the consent of said Reynolds Cattle Co., the owner, and without the consent of M. B. Gentry, the manager of the said Reynolds Cattle Co., or either of them, and therein hunt with firearms," etc.

This prosecution was instituted under article 804, White's Annotated Penal Code, which reads, as applicable to this case: "Any person who shall enter upon the enclosed and posted land of another, without the consent of the owner or agent in charge thereof, and therein hunt with firearms, shall be punished by fine not less than five nor more than one hundred dollars."

Had this article of the code remained as thus drawn, the information would be good under it, but in 1903 this provision of the code was amended so as to read as follows, as applicable to this case. It is now article 1255, Penal Code: "Any person who shall enter upon the en-

closed land of another, without the consent of the owner, or agent in charge, and hunt therein with firearms, shall be punished by a fine of not less than $10 nor more than $100, provided that this Act shall not apply to enclosures including 2000 acres or more in one enclosure."

The county attorney and trial court were perhaps not made aware of this amendatory Act, because the information is drawn under the old Act, and the court authorized the punishment under the old Act, while the amendatory Act changed the minimum punishment from $5 to $10, leaving the maximum the same. It will be further noticed that in the Act as amended if the enclosure contains 2000 acres or more, no prosecution can be had thereunder, and if the enclosure contains less than 2000 acres, it is no longer necessary to allege that it is posted, for under the amended Act it is an offense to hunt with firearms on the enclosed lands of another if the enclosure contains less than 2000 acres. By reading this amended Act it can be readily seen that the information does not charge the offense therein defined.

We have another statute, however, which relates exclusively to "posted" lands, being chapter 102 of the Acts of 1899, Berry v. State, 69 Texas Crim. Rep., 602, 156 S. W. Rep., 627, which makes it an offense to knowingly hunt on the enclosed lands of another, regardless of the size of the enclosure, provided such lands are *in use as agricultural lands or for grazing purposes, having cattle, etc.,* thereon. But the information does not charge an offense thereunder, for it does not allege that the lands of the Reynolds Cattle Co. were being used either for agricultural purposes or for grazing purposes, having cattle, horses, etc., herded or grazing thereon, nor that appellant "knowingly" did the act. Nor does the evidence disclose whether or not the enclosure contained less than 2000 acres, or whether it was being used for agricultural purposes, or a pasture in which stock were being herded or grazed.

As the information does not charge an offense under the Act of 1899, relating to posted lands used for agricultural or grazing purposes upon which stock were being herded or grazed, nor under the Act of 1903, amending article 804 of White's Annotated Penal Code, relating to enclosures of less than 2000 acres, whether posted or not, and regardless of the use to which same is being put, the motion to quash the information and complaint should have been sustained.

The judgment is reversed and the prosecution ordered dismissed.

*Dismissed.*