W. T. SPENCER v. THE STATE.

No. 5515. Decided November 5, 1919.

**Hunting—Enclosed Lands of Another—Variance—Allegation and Proof.**

Where the information and complaint alleged a violation of articles 1255a, b, and c, Vernon's Annotated P. C., which pertains to enclosed land of two thousand acres or more, and the evidence showed that such offense, if any, was with reference to an enclosure containing not more than six hundred acres, and the court gave an erroneous charge as to the punishment, the same was reversible error. Following: Berry v. State, 69 Texas Crim. Rep., 602.

Appeal from the County Court of Chambers. Tried below before Hon. Joe F. Wilson, judge.

Appeal from a conviction of unlawful hunting; penalty, a fine of one dollar.

The opinion states the case.

*M. M. Carter* and *Guynes & Colgin,* for appellant.—On question of variance: Lister v. State, 3 Texas Crim. App., 17; Surrell v. State, 29 id., 321; Marshall v. State, 40 Texas 200; Berry v. State, 69 Texas Crim. Rep., 602; Garnett v. State, 1 Texas Crim. App., 605; Buford

v. State, 44 Texas, 525; Parker v. State, 22 Texas Crim. App., 105; Reed v. State, 29 id., 449; Tooney v. State, 5 id., 163.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—The complaint and information seem to have been brought under Articles 1255a, 1255b and 1255c of Vernon's Ann. P. C., and Section 2278 and its various subdivisions as found in Mr. Branch's Ann. P. C., at page 1252. These provisions provide a punishment for any person who hunts without authority and without consent of the owner upon inclosed or posted lands of another, the punishment for a violation being not to exceed two hundred dollars. That statute refers to inclosed lands of two thousand acres or more. The evidence shows, for the State, that appellant hunted upon the inclosed lands of another, without consent, the enclosure containing not more than six hundred acres, the punishment for a violation of which is not less than ten nor more than one hundred dollars.

Exceptions were urged against the pleadings, which were overruled. There was a question of variance between the allegations and proof, and error in the court's charge and refusal to give special instructions. Without taking up these matters *seriatim,* the case may be disposed of upon the proposition that appellant was tried under a statute which does not apply to the facts, and the court gave an erroneous instruction as to the punishment. In other words, if appellant violated the law he did so by hunting on the enclosed land of another, the amount of the enclosure not exceeding six hundred acres. He was informed against and tried under the statute which relates to the larger class of enclosures. Under the authority of Berry v. State, 69 Texas Crim. Rep., 602, this judgment will have to be reversed. If a prosecution is sought hereafter it should be under article 1255 of Branch's Ann. P. C., found on pages 1251 and 1252, and not under the article which has reference to the larger enclosures.

The judgment is reversed and the cause remanded.