EX PARTE JNO. T. SPANN.

No. 14974. Delivered June 22, 1932.
Rehearing Denied October 12, 1932.
Second Rehearing Denied December 7, 1932.
Reported in 54 S. W. (2d) 510.

The opinion states the case.

*Jno. T. Spann,* of Crystal City, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Appellant was convicted in the justice court on a complaint charging him with having in his possession during the closed season one quail, which is described as a game bird. The punishment was assessed at a fine of ten dollars, and, failing to pay the fine, appellant was placed in the custody of the sheriff. Thereafter he made application to the county judge for a writ of habeas corpus, alleging that there was no statute prohibiting the possession of game birds during the closed season. The writ was issued and upon a hearing appellant was remanded to custody. Hence this appeal.

Article 923, Penal Code, 1925, reads as follows: "No person shall kill or take any of the birds or fowls enumerated in Article 872 except during the open season as fixed for each kind of bird or fowl, and if any person shall kill, take or have in his possession, any of the birds or fowls enumerated in Ar-

ticle 872 at any time of the year except during the open season as provided for in this chapter, he shall be fined not less than ten nor more than one hundred dollars."

Article 872 defines game birds, wild quail of all varieties being embraced in the definition.

Article 923, Penal Code, as it appears in the Revised Criminal Statutes of 1925, was section 9 of chapter 157 of the General Laws passed at the Regular Session of the Thirty-sixth Legislature. By the provisions of chapter 172 of the General Laws passed at the Regular Session of the Thirty-ninth Legislature, which convened January 13, 1925, and adjourned March 19, 1925, chapter 157, supra, was expressly repealed. During the same session of the Thirty-ninth Legislature adoption was had of the Revised Criminal Statutes of 1925, in which is embraced article 923, under which appellant was convicted. It was provided in chapter 172, supra, as follows: "This bill shall be known as the 'Boyd-Hubby Game Bill' and shall take effect and be in force from and after September 1, 1925."

In adopting the Revised Criminal Statutes of 1925, it was provided: "This Act shall take effect and be in force from and after twelve o'clock Meridian, of the First day of September, Anno Domini, One Thousand Nine Hundred and Twenty Five."

Thus it appears that the Revised Criminal Statutes of 1925 and chapter 172 took effect at the same time.

We are unable to agree with appellant's contention that article 923, under which he was convicted, was repealed by virtue of the fact that chapter 172, supra, expressly repealed chapter 157, from which article 923 was taken. Section 43 of article 3 of the Constitution of Texas reads as follows: "The first session of the Legislature under this constitution shall provide for revising, digesting and publishing the laws, civil and criminal; and a like revision, digest and publication may be made every ten years thereafter; provided, that in the adoption of and giving effect to any such digest or revision, the Legislature shall not be limited by sections 35 and 36 of this article."

Section 36 provides that no law shall be revived or amended by reference to its title, but in such case the acts revived, or the section or sections amended, shall be re-enacted and published at length. Section 35 provides that no bill shall contain more than one subject, which shall be expressed in its title, and makes void so much of the act as is not expressed in the title. The Supreme Court of this state, in the case of American Indemnity Company v. City of Austin, 112 Texas, 239, 246

S. W., 1019, in construing section 43 of article 3 of the Constitution, used language as follows:

"Section 43 having given the Legislature authority to revise the laws, without, within itself or by any other section of the Constitution, having prescribed the method of revision, or without having limited the legislative power, except in so far as this power is limited in the enactment of any other law, the Legislature has plenary authority to revise, and may do so in its own way and to any extent, provided, always, the substance of the proposed revision is not otherwise prohibited by the Constitution. It may do so by omitting laws from the Code, which, when done, under the repealing clause, are repealed. It may do so by changing words or phrases for the purpose of harmony or brevity, without in fact changing the meaning, or it may do so by the incorporation of new and material matter in the revision. The term 'revise' is broad enough to permit the amendment of existing laws or statutes in these several ways. New Century Dictionary; Webster's New International Dictionary; American National Ins. Co. v. Collins (Texas Civ. App.), 148 S. W., 554, 556; State v. Towery, 143 Ala., 48, 39 South., 309; Jeffries v. Board of Trustees, 135 Ky., 488, 122 S. W., 813, 816; Falconer v. Robinson, 46 Ala., 340, 348; Cortesy v. Territory, 7 N. M., 89, 32 Pac., 504, 505; Sutherland's Statutory Construction (2d Ed.), sec. 269; Pratt Institute v. New York, 183 N. Y., 151, 75 N. E., 1119, 5 Ann. Cas., 198, 199."

We quote from Sutherland's Statutory Construction (2d Ed.), sec. 238, as follows:

"Where there is an express repeal of an existing statute, and a re-enactment of it at the same time, or a repeal and a re-enactment of a portion of it, the re-enactment neutralizes the repeal so far as the old law is continued in force. It operates without interruption where the re-enactment takes effect at the same time."

The judgment remanding appellant is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—We have re-examined the record in the light of the appellant's motion for rehearing, and

entertain the opinion that the proper disposition of the appeal was made upon the original hearing.

The motion is overruled.

*Overruled.*

### ON APPLICATION TO FILE SECOND MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—It appears that we were in error in stating in the original opinion that chapter 172, General Laws, Regular Session of the 39th Legislature, and the Revised Criminal Statutes of 1925 took effect at the same time. It is observed that it was provided in chapter 172 that its provisions should become effective from and after September 1, 1925, whereas, in adopting the Revised Criminal Statutes of 1925, the effective date was fixed as follows: "This Act shall take effect and be in force from and after twelve o'clock Meridian, of the First day of September, Anno Domini, One Thousand Nine Hundred and Twenty-five."

It does not follow that appellant's contention that chapter 172, supra, repealed article 923, P. C., 1925, under which the conviction was had, should be sustained. In enacting chapter 172, the Legislature did not undertake to expressly repeal article 923, supra. No section is found in chapter 172 denouncing as an offense the mere possession of game birds at any time of the year except during the open season. Section 9 of the Act denounces possession for the purpose of sale at any time of the birds therein enumerated. Section 7, among other things, denounces the killing, taking, hunting, wounding, or shooting of any game bird or game animal at any other time of the year except during the open season, and provides a penalty of not less than ten nor more than two hundred dollars. Nothing in the section last mentioned relates to the mere possession of game birds during the closed season. Article 923, supra, in so far as the mere possession of game birds during the closed season is denounced as an offense, does not appear to be in conflict with any of the provisions of chapter 172.

It is to be observed that in adopting the Criminal Statutes of 1925, the Legislature embraced therein chapter 172, supra. Article 922, P. C., 1925, recites that said chapter should be known as the "Boyd-Hubby Game Bill" and that its provisions should become effective from and after September 1, 1925. Immediately following the insertion of the provisions of chapter 172, supra, the codifiers wrote article 923, supra, into the code; the provisions of the two acts appearing in the same chapter of the Penal Code (Chapter 6, Title 13, P. C., 1925). Thus it would

appear that it was not the intention of the Legislature that chapter 172, supra, should comprehend the entire subject matter relating to the protection of game birds. On the contrary, we are impressed with the view that the Legislature intended that article 923, supra, should be construed in connection with the provisions of chapter 172, supra, and given effect.

Repeals by implication are not favored. Berry v. State, 69 Texas Crim. Rep., 602; Jesse v. DsShong (Texas Civ. App.), 105 S. W., 1011. Further, a repeal by implication must be by necessary implication. Jesse v. DeShong, supra. In Berry v. State, supra, this court quoted from 26 Amer. & Eng. Ency. of Law, pp. 717, et seq., as follows: "A statute is repealed by implication whenever it becomes apparent from subsequent legislation that the Legislature does not intend the earlier act to remain in force, and the converse of this proposition is that no statute will operate as an implied repeal of an earlier statute, if it appears that the Legislature did not intend it so to operate. Though repeal by implication is not favored, it necessarily results in any case of repugnancy or inconsistency between two successive statutes, or in any case where the intention of the Legislature is manifest that a later statute should supersede an earlier one."

The application is denied.

*Denied.*