Randall Ray GRANT, Appellant,

v.

The STATE of Texas, Appellee.

No. 47643.

Court of Criminal Appeals of Texas.

Feb. 6, 1974.

Rehearing Denied Feb. 27, 1974.

Allen D. Glenn, Abilene, for appellant.

Ed Paynter, Dist. Atty., and Bob Lindsey, Asst. Dist. Atty., Abilene, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

KEITH, Commissioner.

The offense is driving while intoxicated; the punishment, a fine of $150 and ten days in jail with the jail sentence probated for a period of six months.

Appellant was arrested by Department of Public Safety Officers Morgan and Pueschel after a high-speed chase of several miles. He was arrested and taken to the departmental headquarters in Abilene where a breathalyzer test was conducted. Both officers testified that appellant was intoxicated and Officer Morgan testified that this fact was confirmed by the results of the breathalyzer test. Appellant was then taken to the county jail and placed in the custody of the sheriff. The arrest took place on December 23, 1972, at a time when the courthouse was closed for the Christmas holidays. On December 27, Officer Morgan filed the complaint forming the basis of the information upon which appellant was convicted in this case.

On December 28, Officer Morgan filed a complaint in the Justice of the Peace Court of Precinct 3 of Taylor County wherein appellant was charged with the offense of driving and operating a motor vehicle on a public street or highway, on December 23, 1972, "at the unreasonable, imprudent and unlawful speed of 100 + miles per hour" in a 65 miles per hour speed zone. Officer Morgan testified that both offenses oc-

curred at the same time; i. e., appellant was intoxicated while driving in excess of 100 miles per hour in a 65 miles per hour zone.

In March, 1973, after some prodding from Officer Morgan, appellant appeared before the Justice of the Peace, entered a plea of guilty to the speeding complaint, was found guilty, assessed a fine of $50 and court costs, and actually paid such fine. The DWI charge came on for hearing thereafter and appellant filed a lengthy plea of double jeopardy setting out such facts. The plea was supported by his affidavit and had attached thereto certified copies of the proceedings in the Justice of the Peace Court. The trial court overruled the plea and it now forms the basis of ground one.

Appellant relies upon the double jeopardy provision of the federal constitution, the fifth amendment made applicable to the states under the fourteenth amendment, Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). He also cites Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970), as well as Benard v. State, 481 S.W.2d 427 (Tex.Cr. App.1972). Accepting the teachings of all of these authorities, we disagree with the contention advanced. Nor are the cases cited on the doctrine of carving in point under the fact structure of the case at bar.

Instead, we find that the well-written opinion of McMillan v. State, 468 S.W.2d 444, 445 (Tex.Cr.App.1971), to be dispositive of the contention of appellant. In *McMillan*, the defendant was seen driving on the wrong side of the street; and, when he was stopped, was found to be intoxicated. He was charged in the municipal court with driving on the wrong side of the street, pleaded guilty and paid his fine. Later, he was convicted of DWI—almost our precise fact situation.

Art. 802, Vernon's Ann.P.C., dealing with the offense of driving while under the influence of intoxicating liquor,

does not provide for a lesser included offense of driving at an unreasonable and excessive rate of speed. McMillan, supra, and authorities therein cited. Accord: Evans v. State, 479 S.W.2d 282 (Tex.Cr. App.1972); Sutton v. State, 495 S.W.2d 912, 915 (Tex.Cr.App.1972); Crabb v. State, 503 S.W.2d 260 (Tex.Cr.App.1974). Ground one is overruled.

Next, by grounds two and three, appellant advances an ingenious but specious, contention that Art. 802, P.C., is inoperative because it is in conflict with Art. 6701d, § 50(a), Vernon's Ann.Civ.St., the statute prohibiting the operation of a motor vehicle over the public streets and highways while under the influence of drugs. He offers as a factual basis for his argument long excerpts from a book on pharmacology which he introduced while examining a pharmacist tendered as a witness. He refers us to statements from this book supporting his thesis that "alcohol is a narcotic drug in that it acts on the central nervous system as a depressant." We reject the contention so advanced.

The pertinent part of § 50(a) reads:

"It is unlawful for any person who is under the influence of any narcotic drug or who is under the influence of any other drug to a degree which renders him incapable of safely driving a vehicle to drive a vehicle within this state."

Art. 802, P.C., makes it a misdemeanor for a person to operate a motor vehicle upon the public streets or highways of the state "while such person is intoxicated or under the influence of intoxicating liquor."

We do not find the two statutes to be in conflict nor do we agree with appellant that Art. 802 was repealed by implication since § 50(a) was enacted at a later date.

The two statutes are not repugnant. Art. 802 applies only to the driving of a motor vehicle on the public streets, alleys, or highways while intoxicated or under the influence of intoxicating liquor. § 50(a)

prohibits the driving of a motor vehicle within the state when (1) the operator is under the influence of any narcotic drug; or (2) the operator is under the influence of any other drug to a degree which renders him incapable of safely driving a vehicle. Each is a separate and distinct offense governed by a separate statute, and proof that an accused has violated one would be insufficient to support a conviction under the other. See Frazier v. State, 480 S.W.2d 375, 380 (Tex.Cr.App.1972), wherein the Court said: "[T]he possession of a dangerous drug is not the same criminal act as the possession of a narcotic drug."

This Court, over an extended period of time, has held that the words "intoxicated" and "while under the influence of intoxicating liquor", as used in Art. 802, are of common understanding and do not need to be defined. 1 Branch's Ann.P.C. (2d ed) § 15, p. 10 (1956). A study of the cases cited, as well as those subsequently decided, shows clearly that the common understanding refers to the drinking of intoxicating liquor, not the ingestion of drugs as ordinarily spoken of in the everyday affairs of the people. Cf. Davis v. State, 142 Tex. Cr.R. 602; 155 S.W.2d 801, 803 (1941).

■ Repeals by implication are not favored. Ex parte Spann, 122 Tex.Cr.R. 314, 54 S.W.2d 510, 512 (1932). As was said in Berry v. State, 69 Tex.Cr.R. 602, 156 S.W. 626, 635–636 (1913):

"A statute is repealed by implication whenever it becomes apparent from subsequent legislation that the Legislature does not intend the earlier act to remain in force, and the converse of this proposition is that no statute will operate as an implied repeal of an earlier statute, if it appears that the Legislature did not intend it so to operate."

Finding no inconsistency between the two statutes, grounds two and three are overruled.

■ Finally, appellant contends that the prosecution under Art. 802 denies to him rights equal to those who may be prosecuted under § 50(a) because there is no felony offense of driving while under the influence of drugs, while a second offender under Art. 802 may be so prosecuted. Preliminarily, we do not find that appellant has standing to urge the invalidity of the classification since he has been convicted only of the misdemeanor offense. Facing the issue head on, we find no merit in the ground that it is overruled.

■ The fixing of penalties and punishment for offenses under the penal laws of this state is within the exclusive domain of the legislature and not of the courts. Sasser v. State, 131 Tex.Cr.R. 347, 98 S.W.2d 211 (1936); David v. State, 453 S.W.2d 172, 179 (Tex.Cr.App.1970).

The judgment of the trial court is affirmed.

Opinion approved by the Court.