# NO. 12-16-00236-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ERIC D. NEIL,*<br>*APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Eric Neil appeals his conviction for possession of a prohibited substance in a correctional facility. In two issues, he appeals the constitutionality of the statute and the sufficiency of the evidence. We affirm.

### BACKGROUND

Appellant, an inmate at the Eastham Unit, was charged with possession of a prohibited substance in a correctional facility when he was found in possession of XLR-11, a synthetic cannabinoid. At the time of the incident, XLR-11 was listed as a controlled substance by the Texas Department of State Health Services (DSHS), but had not yet been included in penalty group 2A of the Texas Health and Safety Code or permanently added as a schedule I controlled substance.[1] Appellant was indicted by a grand jury and elected to enter a plea of "guilty" and accept a plea bargain recommendation of four years imprisonment.

Prior to entering his plea, Appellant moved the trial court to dismiss the indictment on the grounds that XLR-11 had been designated a controlled substance by the commissioner of the DSHS and not the Texas Legislature, thereby violating the separation of powers clause to the

---

[1]Appellant's brief lists the date of offense as February 16, 2014, however, a review of the record indicates the indictment, the plea papers, the judgment of conviction, and incident report all reflect the correct date of the offense as on or about February 16, 2015.

Texas Constitution.  The trial court denied Appellant's motion, and Appellant pleaded "guilty" to the indictment.  Appellant was sentenced to imprisonment for four years, and the trial court granted him the right to pursue the present appeal.

SEPARATION OF POWERS

In his first issue, Appellant argues that the DSHS, an agency of the executive branch, performed a legislative function by criminalizing XLR-11 in violation of the separation of powers clause of Article II, section 1 of the Texas Constitution.

**Applicable Law**

The government of the state of Texas consists of three distinct branches; one legislative, one executive, and one judicial.  TEX. CONST. art. II § 1.  The separation of powers clause provides that "no person, or collection of persons, being of one of these departments, shall exercise any power properly to either of the others, except in the instances herein expressly permitted." *Id.*  The court of criminal appeals has held that the separation of powers clause may be violated when (1) one branch of government assumes, or is delegated, to whatever degree, a power that is more properly attached to another branch, or (2) one branch unduly interferes with another branch so that the other branch cannot effectively exercise its constitutionally assigned powers.  *State v. Rhine*, 297 S.W.3d 301, 305 (Tex. Crim. App. 2009).

The legislature has the exclusive authority to define crimes and to designate the punishments for those crimes.  *See Grant v. State*, 505 S.W.2d 279, 282 (Tex. Crim. App. 1974). However, there are many powers that may be delegated by the legislature to other bodies where the legislature cannot itself practically or efficiently perform the required functions.  *Ex Parte Granviel*, 561 S.W.2d 503, 514 (Tex. Crim. App. 1978).  The legislature may, after declaring a policy and fixing a primary standard, delegate to an administrative body or officer the power to establish rules, regulations, or minimum standards to implement the expressed purpose of the act. *Id.*

The concurring opinion in *Rhine* distinguished between a law that properly confers administrative authority and one that improperly delegates legislative authority, stating "[t]he legislature cannot delegate its power to make law; but it can make a law to delegate a power to determine some fact or state of things upon which the law makes or intends to make its own action depend…[t]o deny this would be to stop the wheels of government." *Rhine*, 297 S.W.3d at

320–21 (Keller, P.J., concurring) (quoting ***Marshall Field & Co. v. Clark***, 143 U.S. 649, 694, 12 S. Ct. 495, 505, 36 L. Ed. 294 (1892)).

> [A] delegation of authority to an administrative agency is constitutionally permissible under the separation-of-powers provision of the Texas Constitution if the following four conditions are met: (1) the delegation can, at lease by implication, be characterized as the delegation of authority to make a factual determination relevant to the purpose of the statute, rather than simply a policy decision, (2) the statute contains standards, expressly provided or implied from an express statutory purpose, that are sufficiently specific to give guidance to the agency and to the courts as to what types of rules or other actions are and are not permissible, (3) pre-adoption procedural safeguards exist to ensure that the agency has the opportunity to consider whether the rule or other action conforms to the legislative standards, and (4) post-adoption judicial review is available to ensure that the agency rule or other action does in fact comply with the legislative standards.

***Rhine***, 297 S.W.3d at 327-328.

A person commits an offense under section 38.11 of the Texas Penal Code if he possesses a controlled substance or dangerous drug while in a correctional facility or on property owned, used, or controlled by a correctional facility. TEX. PENAL CODE ANN. § 38.11(d)(1) (West 2016). "Controlled substance" is defined by section 481.002 of the Texas Health and Safety Code as a substance, including a drug, adulterant, and dilutant, listed in schedules I through V or penalty groups 1 through 4. ***Id.*** § 1.07(12) (West Supp. 2016); TEX. HEALTH & SAFETY CODE ANN. § 481.002(5) (West 2017). The health and safety code expressly provides that the commissioner of state health services "shall establish and modify" schedules I, II, III, IV, and V. TEX. HEALTH & SAFETY CODE ANN. § 481.032(a) (West 2017).

Section 481.035 directs the commissioner to place a substance in one of the aforementioned schedules depending on its (1) potential for abuse, (2) accepted medical uses, and (3) degree of psychological or physical dependence resultant from its abuse. *See **id.*** § 481.035 (West 2017). The commissioner placed XLR-11 in schedule I based on findings that XLR-11 has a high potential for abuse, and has no accepted medical use in treatment or lacks accepted safety for use in treatment under medical supervision. *See **id.*** § 481.035(a). Section 481.034(c) prohibits the commissioner from adding a substance to the schedules if it has been deleted from them by the legislature, deleting a substance from the schedules if it has been added by the legislature, or rescheduling a substance if it has been placed in a schedule by the legislature. *See **id.*** § 481.034(c) (West 2017). The commissioner is required to consider the following factors in making a determination regarding the scheduling of a substance: (1) the actual or relative potential

for its abuse; (2) the scientific evidence of its pharmacological effect, if known; (3) the state of current scientific knowledge regarding the substance; (4) the history and current pattern of its abuse; (5) the scope, duration, and significance of its abuse; (6) the risk to the public health; (7) the potential of the substance to produce psychological or physiological dependence liability; and (8) whether the substance is a controlled substance analogue, chemical precursor, or an immediate precursor of a substance controlled under this chapter. *Id.* § 481.034(d).

<u>Analysis</u>

Appellant argues that when he was indicted in 2014, XLR-11, synthetic marijuana, was a temporary addition to Schedule I but had not yet been added to a penalty group by the legislature. Appellant maintains that health and safety code sections 481.002(5), 481.032, 481.034, and 481.035 operate together to allow the commissioner to create a penal offense, which is a purely legislative function. This exercise of a legislative function by an officer of the executive branch, he argues, violates the separation of powers clause of the Texas Constitution. Thus, he contends that his conviction is the direct result of an unconstitutional exercise of authority by DSHS.

In support of Appellant's argument, he directs our attention to the legislation which added XLR-11 to penalty group 2-A effective September 1, 2015. TEX. S.B. 173, 84th Leg., R.S. (2015) (current version at TEX. HEALTH & SAFETY CODE ANN. § 481.1031 (West 2017)). However, Appellant's argument is based on the erroneous assertion that he was indicted in 2014; a review of the record shows that Appellant's indictment was filed on December 4, 2015. The indictment itself is file stamped December 4, 2015 and the docket sheet indicates the same date. Further, the date of the offense alleged throughout the record is February 16, 2015, rendering an indictment in 2014 for the offense impossible. Thus, at the time Appellant was indicted for the offense of prohibited substance in a correctional facility, XLR-11 had already been assigned to penalty group 2-A by the Texas Legislature. *See* TEX. S.B. 173, 84th Leg., R.S. (2015) (current version at TEX. HEALTH & SAFETY CODE ANN. § 481.1031).

Moreover, even had Appellant been indicted before XLR-11 was added to a penalty group, there is no violation of the separation of powers clause. Appellant was charged with an offense pursuant to section 38.11 of the Texas Penal Code, which criminalizes the possession of controlled substances in a correctional facility. *See* TEX. PENAL CODE ANN. § 38.11(d)(1). An offense under this section is a third degree felony, punishable by not less than two years, but not more than ten years of imprisonment. *See Id.* §§ 12.34(a) (West 2011), 38.11(g). The

4

commissioner designated XLR-11 as a controlled substance when it was temporarily assigned to schedule I because he determined that it had a high potential for abuse and no accepted medical use. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.035(a)(1)(2). Thereafter, possession of XLR-11 in a correctional facility became an offense. *See* TEX. PENAL CODE ANN. §§ 1.07(a)(12); 38.11(d); TEX. HEALTH & SAFETY CODE ANN. § 481.002(5).

The legislature established a policy that it be illegal to possess certain items, including controlled substances, in correctional facilities. TEX. PENAL CODE ANN. § 38.11; TEX. HEALTH & SAFETY CODE ANN. §§ 481.002(5), 481.035. The legislature's delegation to DSHS of the task of making the factual determination which substances should be controlled and to what schedule they should be assigned is not a violation of the separation of powers clause. *See Granviel*, 561 S.W.2d at 514. It constitutes the delegation of fact finding to an agency more suited to the task than the state legislature, and a delegation of authority to make a factual determination relevant to the purpose of the statute, rather than a policy decision. *See id.*; *see also Rhine*, 297 S.W.3d at 327–28 (Keller, P.J., concurring); TEX. HEALTH & SAFETY CODE ANN. §§ 481.032, 481.034. As previously discussed, the health and safety code sets out the specific guidelines to limit and direct the commissioner's factual determination as to which schedule to place a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.034(d), 481.035(a); *see also Rhine*, 297 S.W.3d at 327–28 (Keller, P.J., concurring). Section 481.034(c) insures that the commissioners' determination will not contradict a specific legislative determination. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.034(c). Pre-adoption procedural safeguards require changes to the schedules only be made with the approval of the executive commissioner, after a public hearing, and upon a specific finding based on enumerated considerations. *See id.* § 481.034(a)-(e). This provides the commissioner and the DSHS the opportunity to consider whether the commissioner's decision conforms to legislative standards. *See Rhine*, 297 S.W.3d at 327–28. A criminal appeal, as in the instant case, challenging the validity of the agency's action provides sufficient post-adoption judicial review to insure that the commissioner's or the DSHS' actions comply with legislative standards. *See id.*

Based on this reasoning, we previously concluded that the commissioner did not perform a legislative function in determining that XLR–11 was a controlled substance and placing it in schedule 1. *See Rodriguez v. State*, No. 12-16-00238-CR, 2017 WL 1534044, at *4 (Tex. App.—Tyler Apr. 28, 2017, no pet.) (mem. op., not designated for publication). We also determined that

sections 481.002(5), 481.032, 481.034, and 481.035 of the health and safety code do not operate together with section 38.11(d) of the penal code to allow the commissioner to independently create a penal offense in violation of the separation of powers clause. *See id*. Accordingly, we concluded that section 481.032 of the health and safety code, which directs the commissioner to establish and modify the schedules of controlled substances, is not an unconstitutional delegation of legislative authority. *See id*. Thus, in keeping with this Court's holding in ***Rodriguez***, Appellant's first issue is overruled.

## SUFFICIENCY OF THE EVIDENCE

In his second issue, Appellant challenges the legal sufficiency of the evidence on the grounds that the substance he possessed, XLR-11, was temporarily listed as controlled substance under schedule I, but not listed in penalty group 2-A.

### Standard of Review

In determining the legal sufficiency of the evidence, the reviewing court considers all the evidence in the light most favorable to the conviction to determine whether, based upon the evidence and the reasonable inferences therefrom, a rational trier of fact could have found each element of the offense beyond a reasonable doubt. ***Jackson v. Virginia***, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *see also* ***Brooks v. State,*** 323 S.W.3d 893, 899 (Tex. Crim. App. 2010).

### Analysis

Appellant's argument regarding the sufficiency of the evidence relies on the same erroneous assertion that he was indicted in 2014, prior to the inclusion of XLR-11 in penalty group 2-A. As stated above, it is evident from the record that Appellant's indictment was filed December 4, 2015. Thus, at the time of Appellant's indictment, XLR-11 was classified by the legislature as a penalty group 2-A substance. TEX. S.B. 173, 84th Leg., R.S. (2015) (current version at TEX. HEALTH & SAFETY CODE ANN. § 481.1031).

The health and safety code classifies the offense of possession of a controlled substance by the particular penalty group to which the substance belongs. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102–.105, 481.115–.118 (West 2017). In this case, Appellant was charged with an offense pursuant to the Texas Penal Code, not the health and safety code. *See* TEX. PENAL CODE ANN. § 38.11(d). Under section 38.11(d), it is a crime to possess any controlled substance in a

6

correctional facility. *See id*. The definition of a "controlled substance" includes substances in either the schedules or the penalty groups. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.002(5). The definition does not require that the substance appear in both a schedule and a penalty group in order to be considered a controlled substance. *See id.* Therefore, the laws and decisions pertaining to prosecutions under the health and safety code upon which Appellant relies are not apposite. *See Rodriguez*, 2017 WL 1534044, at *4.

At the time Appellant committed the offense of possession of XLR–11 in the Eastham Unit, XLR–11 was listed as a temporary schedule I drug and was therefore was a controlled substance. Effective September 1, 2015, XLR-11 was added to penalty group 2-A. TEX. S.B. 173, 84th Leg., R.S. (2015) (current version at TEX. HEALTH & SAFETY CODE ANN. § 481.1031). Appellant was indicted on December 4, 2015 for the offense of possession of a prohibited substance in a correctional facility, and subsequently, entered a plea of "guilty." At his plea hearing, he judicially confessed to the commission of the offense alleged in the indictment and stated under oath that he had committed every element of the crime alleged. A stipulation of evidence or judicial confession, standing alone, is sufficient to sustain a conviction upon a guilty plea as long as it establishes each element of the charged offense. *See Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). Accordingly, viewing all the evidence in the light most favorable to the conviction, we conclude that a rational fact-finder could have found Appellant guilty of each element of possession of a controlled substance in a correctional facility. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Brooks*, 323 S.W.3d at 899. Because the evidence is legally sufficient to support Appellant's conviction, we overrule Appellant's second issue.

## DISPOSITION

Having overruled Appellant's two issues, we *affirm* the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered September 20, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

SEPTEMBER 20, 2017

NO. 12-16-00236-CR

**ERIC D. NEIL,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 349th District Court

of Houston County, Texas (Tr.Ct.No. 15CR-197)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*