### Frank Williams v. The State.

No. 8912.    Delivered April 22, 1925.

**1.—Driving Auto Intoxicated—Indictment—Not Duplicitous.**

The indictment in this case, is not obnoxious to the rule against duplicity, but comes within the rule authorizing the statement in one count, of the different means of committing the same offense. Following Gault v. State, 269 S. W. 92, and cases there cited.

**2.—Same—Statute Construed.**

The acts of the 38th called session of the legislature Chap. 23, denouncing the driving of an automobile while under the influence of liquor uses the words "or in any degree under the influence of liquor." Their use in the statute does not render it invalid in so far as it denounces as an offense, "*the driving of an automobile upon the public highway by a person who is intoxicated, or under the influence of intoxicating liquor.* Following Nelson v. State, 261 S. W. 1046, Scroggins v. State, supra.

Appeal from the Criminal District Court No. 2 of Dallas County. Tried below before the Hon. Chas. A. Pippin, Judge.

Appeal from a conviction for driving a motor vehicle along a public road and highway while intoxicated, and under the influence of intoxicating liquor; penalty, a fine of $250.00 and 60 days in the county jail.

The opinion states the case.

No brief filed by appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The indictment charged that the appellant "was intoxicated and under the influence of intoxicating liquor, and while so intoxicated and under the influence of intoxicating liquor, did unlawfully drive and operate a motor vehicle upon a public road and highway." Convicted and his punishment

fixed at a fine of $250.00 and confinement in the county jail for 60 days.

This indictment was not, in our opinion, obnoxious to the rule against duplicity. It charged but one offense. The theory that in charging that the appellant was introduced and under the influence of intoxicating liquor two offenses were charged, we think is not tenable. To our minds, it may be very plausibly contended that being *intoxicated* and being under the *influence of intoxicating liquor* are but different ways of showing the same thing. See Red Jones v. State, No. 8884, not yea reported. See also Scoggins v. State, 266 S. W. Rep. 513. If the statements mentioned, as contained in the indictment, are not in effect identical, the indictment manifestly is not duplicitous, but comes within the rule authorizing the statement in one count of the different means of committing the same offense. See Gault v. State, 269 S. W. Rep. 92, and cases there cited. If the indictment had simply alleged that the appellant was under the influence of intoxicating liquor, it certainly might have proved under that averment that he was drunk. Under an allegation that he was intoxicated, the same proof would have been admissible. As stated in Scoggins v. State, supra, there may be degrees of intoxication, that is, degrees of being under the influence of intoxicating liquor, and if the evidence warranted it, an instruction to the jury might properly be demanded which took note of this fact. In the present case, however, the issue arising from the evidence seems not to have been whether the appellant was partially under the influence of intoxicants for from the State's standpoint, the appellant was drunk in all that that term implies. From his testimony he was sober and in no sense under the influence of intoxicating liquor. This being an issue of fact which the jury was called upon to solve, the instruction given the jury, namely, whether he was under the influence of intoxicating liquor, adequately submitted the issue arising from the evidence. Some of the special charges offered referred to the language ''or in any degree under the influence of intoxicating liquor.'' These words, though found in the statute, were not used in the indictment. We are therefore not called upon to discuss them. Their use in the statute, however, does not render it invalid in so far as it denounces as an offense *the driving of an automobile upon the public highway by a person who is intoxicated or under the influence of intoxicating liquor*. See Nelson v. State, 261 S. W. Rep. 1046; Scoggins v. State, supra; also Acts of 38th Leg., 2nd Called Secs., Chap. 23.

The evidence adduced by the State, though controverted, is sufficient to support the verdict, and the solution of the issue by the jury is binding upon this court.

The judgment is affirmed.

*Affirmed.*