# JANUARY 5, 1944

LEE BRANDON V. THE STATE.

No. 22637. Delivered December 1, 1943.
Rehearing Denied January 5, 1944.

The opinion states the case.

*Sullivan & Sullivan,* of Big Spring, *Ratliff & Worrell,* of Colorado City, and *Martin, Moore & Brewster,* of Fort Worth, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction for murder with a penalty of two years in the penitentiary.

The murder alleged in the indictment arose out of the death of Mrs. Lela Tillison, which was caused by appellant's driving his motor vehicle into a car in which the victim was riding. It is also alleged that appellant was under the influence of intoxicating liquor at the time.

There is no serious contention about the sufficiency of the evidence to show the intoxicated condition of appellant at the time of the accident and no bill complaining of the improper introduction of any testimony. Two bills of exception are found in the record.

The first bill complains of the failure of the court to quash the indictment. In support of this bill, it is contended that Article 802 Penal Code, as amended, is unconstitutional and invalid, as being in violation of Article 1, section 10, of the State Constitution, and of Articles 1, 3 and 6 of the Penal Code. The basis of such contention is that Article 802c P. C. fails to define the offense in plain language and that it is in such indefinite terms as to render the same of doubtful construction and, therefore, unenforceable. The question thus raised has been so thoroughly settled that a further discussion hardly seems necessary. The question has been most exhaustively briefed and helpfully discussed by appellant. Such unusual attention to an important question is highly commendable, and we have given it full consideration. We are unable, however, to agree that all of the decisions on the subject heretofore rendered are in error and that they should be overruled. The State has likewise filed a very pointed brief, and we quote from it the following, which we think sufficiently expresses a summary of our holding on the subject. The two cases referred to cite many authorities.

"It will be noted that Article 802c of the Penal Code, as amended, provides that if a person, while intoxicated, drives his automobile upon a public highway and, through accident and mistake, while so driving such automobile, he does another act which, if voluntarily done, would be a felony, he shall receive the punishment affixed to the offense actually committed. If the appellant had voluntarily driven his automobile into the automobile occupied by the deceased and had caused her death he would be guilty of murder. Cockrell v. State, 117 S. W. (2d) 1105. The statute says that if he does it through accident or mistake while he is driving a motor vehicle upon a public highway while intoxicated, then he shall be guilty of the felony actually committed, supposing that the act which was done through accident and mistake had been done voluntarily. Houston v. State, 158 S. W. (2d) 1004, and authorities there cited. Of course, in the absence of Article 802c, the appellant would probably be guilty of nothing more than negligent homicide; but the effect of this article is to take this particular type of an act out of the law of negligent homicide * * * * *."

So viewing the law, we are unable to sustain appellant's contention, and re-affirm our former conclusions in holding here that the indictment in the present case properly alleges the offense for which appellant was convicted.

Another bill of exception found in the case complains of the act and conduct of the district attorney in displaying four bottles of beer before the jury. At the time of the accident, appellant was said to have taken some bottles of beer from his car and to have hidden them in freshly ploughed ground by the side of the road. These were recovered and the four bottles were identified before the jury during the development of the State's case. They were not introduced in evidence as exhibits and were removed from the jury room during the trial. While the court was reading his charge to the jury, the district attorney caused the sheriff to bring four bottles of beer into the court room which were like the ones that had been identified and arranged them in a row on a table in view of the jury. Appellant took exception to this on the ground that they had not been introduced in evidence. The court sustained the objection and directed the removal of the beer from the court room. This transaction was fully set out in the bill of exception. However, the court approved the bill with the following qualification:

"There was no objection to the exhibition of the beer in the presence of the jury throughout the trial until immediately before the beginning of the argument, when objection was made as shown by said bill. Whereupon the court ordered the beer removed from the court room. There was no motion made to declare a mistrial and discharge the jury."

The conduct of the district attorney, as thus reflected, is not commended but we are unable to say that the bill shows error. With the qualification quoted above, it appears that the court did everything he was asked to do and there was no complaint against the court's ruling. In the state of the record, the matter is not open for consideration by us.

Finding no error presented by this appeal, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

DAVIDSON, Judge.

No new question is presented in appellant's motion for rehearing. At his insistence, we have again examined the record

and remain convinced that the original disposition of the case was correct.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.