## JOSEPH J. McCARTHY V. STATE.

No. 24225. January 26, 1949.
Rehearing Denied (Without Written Opinion) March 16, 1949.

*Jimmie MacNicoll* and *A. S. Baskett,* both of Dallas, and *J. A. Rinehart,* of El Reno, Oklahoma, for appellant.

*Will R. Wilson, Jr.,* Criminal District Attorney, *George P. Blackburn,* First Assistant District Attorney, and *Waller M. Collie, Jr.,* Assistant District Attorney, Dallas, and *Ernest S. Goens,* State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant was charged with drunken driving and through accident and mistake, striking and killing Johnny Schwab, an eight-year-old child, and upon conviction, he was given a term of three years in the state penitentiary.

Appellant filed a plea to the jurisdiction alleging that the offense charged herein was that of negligent homicide and but a misdemeanor of which the district court had no jurisdiction. In conjunction therewith he attacks the constitutionality of Articles 802, 802b and 802c, Vernon's Ann. Tex. P. C., and insists that the allegations found herein are sufficient only to charge negligent homicide in the second degree; that appellant, while in the progress of committing an unlawful act, that is, drunken driving (which is a misdemeanor at this time for the first offense under Art. 802, P. C.) he killed Johnny Schwab. We think this Art. 802c, P. C. may have been called into being because of the inadequacy of the negligent homicide statute to meet changing times and new conditions that might arise because of the traffic upon our highways, and though it is possibly based primarily upon the law of negligence, it goes further and punishes the final outcome of thus driving. It might also be suggested that the statute recognizes the commission of a misdemeanor, that is, drunken driving, punished by Art. 802, supra; nevertheless, it cannot be said that having thus alleged,

it would hold all prosecutions under Art. 802c, supra, to the misdemeanor courts. In other words, one may carry a pistol unlawfully, a misdemeanor, and yet be guilty of a felony if an assault is made therewith while thus carried. While necessary to show that one was engaged in drunken driving, yet such is but a necessary preliminary to, although a part of, the offense actually committed; and in order to render nugatory in this instance Article 39, P. C., it punishes an act done by accident or mistake. We also think the phrase "the felony actually committed" in this statute means the unlawful taking of the life of Johnny Schwab. We have not heretofore held that it was necessary that the act of drunken driving should be a felonious act such as a second conviction therefor, nor do we now so hold, but we do hold that a person accused as is this appellant, is charged with murder. See Simmons v. State, 145 Tex. Cr. R. 448, 169 S. W. (2d) 171; Fox v. State, 145 Tex. Cr. R. 71, 165 S. W. (2d) 733.

Again, the contention is made that Art. 802c, supra, is not valid because of the fact that the body of the bill passed by the legislature enacting such into law contains three subjects contrary to Art. 3, Sec. 35 of the state constitution. This statute is a part of Chapter 507, page 819, Acts of the 47th Legislature, Regular Session (1941). Such chapter does amend Art. 802, P. C. (1925) as well as adding Art. 802c to the Penal Code, the latter being the statute upon which this action is based.

Article 3, Section 35 of our constitution says in substance that no bill, with certain exceptions, shall contain more than one subject, which shall be expressed in its title. It has been often held that a liberal construction of this section will be applied by the courts. See Gammel's Edition (1922), Constitution of Texas, and cases cited on page 65 thereof.

We submit that Articles 802, 802b, and 802c, all relate to the same subject matter, namely, drunken driving, and we think the legislature was correct in embodying all three articles in one enactment. See Ruedas v. State, 143 Tex. Cr. R. 291, 158 S. W. (2d) 500; Brandon v. State, 146 Tex. Cr. R. 480, 176 S. W. (2d) 323, both cases being directly in point.

It is further contended that the statute, Art. 802c, is inoperative at this time because at the time of its enactment it was a felony to drive while intoxicated upon a public highway; that the 47th Legislature, in the above amendment to Art. 802, reduced the original offense to a misdemeanor and, therefore,

the phrase "to the felony actually committed", referring to the drunken driving is found with "no felony" actually committed, but a mere misdemeanor. We do not agree with such a construction of the statute. That phrase refers to the act done by mistake or accident and makes such act punishable. In this instance such phrase refers to the causing of the death of the little boy. If this killing were intentional, then same would have been murder, a felony; and in the absence of Art. 802c, such act could have been shown to have been an accident or mistake, and therefore, one charged therewith could have invoked the provisions of Art. 39, P. C. Not so, however, since the enactment of Art. 802c, provided the person committing the accidental act was driving while intoxicated. Had he done such act intentionally, he would have committed a felony, to-wit, murder, and could be tried for such under the murder statute.

We think the trial court was correct in charging the jury on murder without malice as alleged in the indictment.

Appellant filed a proper request asking the trial court to submit to the jury the matter of a suspension of his sentence in the event of a conviction, and the trial court instructed the jury relative thereto.

In the present instance, the facts show that on February 27, 1948, in Dallas County, on the Dallas to Grapevine Highway, the road near Dallas was at places under water caused by the overflow of a fork of the Trinity River. In that afternoon three children of John W. Schwab, who lived near the highway, in company with Lorie Willis, a neighbor's girl, were walking single file along this highway, the waters of the river having reached near the shoulders of such road. The Schwab children were Johnny, 8 years old; Jackie, 10 years old; and Mary Helen, 12 years old. They were skipping rocks in the adjacent waters when, without any warning, the Schwab children were struck by appellant who was driving a pick-up truck. Jackie and Mary Helen were knocked into the water about waist deep to the side of the road, and the little eight-year-old Johnny was struck and died shortly thereafter from his injuries. Appellant seems to have stopped his truck and gone back to where the children lay. He witnessed the act of the Willis girl who went into the water and rescued Jackie. He also must have seen the little boy lying helpless and evidently dying by the roadside. He then got in the truck and left at a high rate of speed. Some distance away, he lost control of the pick-up and it ran into a water-filled ditch on his left-hand side and turned over. Appellant

extricated himself therefrom about the time some persons who were pursuing him arrived, and he was eventually taken in charge by officers and placed in jail.

That he was under the influence of intoxicating liquor was proven by a large array of witnesses but such was denied by appellant.

In the argument to the jury relative to the suspension of sentence the state's attorney stated in substance that a suspended sentence meant that the jury would give this man one free killing if they suspended his sentence under facts similar to those in the present case. An objection was made as follows:

"Mr. REINHART: Now, your Honor—

"The COURT: What is it?

"Mr.REINHART: We object to the remark of the District Attorney, of one free killing, as being highly prejudicial and not borne out by the facts and not within the evidence of the record in this case, and I ask your Honor to admonish the jury to disregard it.

"The COURT: Sustain it unless you base it on facts.

"Mr. COLLIE: I mean, under the evidence in this case, there can be but one outcome—

"The COURT: Go ahead.

"Mr. COLLIE: Under the evidence in this case there can be but one effect and that don't curb it—a suspended sentence is so completely improper that it offers him a free killing—

"Mr. REINHART: We again renew our objection.

"The COURT: I sustain it.

"Mr. REINHART: Because he persists in this statement.

"Mr. COLLIE: I am sure that is all that I have to say * * *."

Under the facts herein, it was undoubtedly shown by a large number of witnesses that appellant was drunk and drunkenly driving; that he ran over these children; that the girl Jackie was in the water about waist deep; that when appellant returned to the scene he went into the water and told the Willis girl to let Jackie alone, who at the time was floating face down in the water. Mary Helen was also knocked in the water and the little boy was lying on the shoulder of the road. Appellant

then got in his car and drove away. He later turned the car over and was apprehended by the officers. A suspended sentence would have left him free from present confinement and punishment, at least for the time being, for the useless killing of this eight-year-old child. Under the circumstances here present, we think that this argument was not of such a nature as could have unduly or unfairly influenced the minds of this jury.

Again, in Bill No. 3 complaint is made of the argument of the district attorney while arguing the proposition of appellant putting into the record the fact of having served as a soldier in World War II, it being denominated a "baby act." From the qualification of the bill, we think this argument was invited by counsel for appellant when he utilized appellant's war record in a plea for the belief of the jury in appellant's version of this unfortunate killing. We think the remarks were justified thereby and invited by appellant's attorneys.

Bill No. 4 relates to the finding of a partially-filled bottle of whisky in appellant's pick-up some time after this occurrence, it being found lying on the floor of the wrecked pick-up after he had been taken away to jail and when the truck had been pulled out of the water. It is now contended that there was no search warrant present when this whisky was found, but the bill shows that no such proof was made to the court relative to the search warrant. Again, we think the arrest of appellant was legal. Therefore, no warrant to search was necessary since appellant was in flight some three miles away from the killing and was in sight of his pursurers most of the time. Furthermore, appellant testified that he bought the whisky the night before and took a drink therefrom only on such night and placed the bottle in the glove compartment of the pick-up. We think the testimony was admissible.

Bill No. 5 is an objection to the testimony of the father of the Schwab children as to what he found at the scene where the children were lying after being struck. This point was but a short distance from their home, and Mr. Schwab, after being notified by the Willis girl, together with his wife, immediately repaired thereto and found all three of the children lying by the side of the road outside the shoulder thereof. Appellant's objection is directed to the presence of Mary Helen and Jackie who, of course, were included in the word "children." We think this was a part of the res gestae of this transaction. It was shown that appellant struck all three of them at the same time and place, and the condition of all three bodies was testified

about by practically all the witnesses. The statement was properly received.

Bill No. 6 complains because of the testimony of Mrs. Amis that while the children were thus lying by the roadside she "took the little boy's feet and propped them up on a pillow so that they would not be in the water. I then went and spread blankets over the children to keep them warm." The children were still at the scene and the little boy was not quite dead at the time. We find no reason in the bill for any objection thereto, but merely an objection. We see no error therein. It is noted, however, that the trial court instructed the jury in his charge that any injury found in the proof relative to any person other than Johnny was withdrawn from their consideration and should be disregarded by them and not considered for any purpose.

Bill No. 7 complains because Mary Helen Schwab was allowed to testify that at the same time and place where Johnny was struck she was also hit and knocked in the water. Nowhere does she say who hit her, and she was not asked, nor did she identify the appellant. This was at the same time and place when and where the little boy was killed and was admissible as res gestae of the one transaction.

Bill No. 8 complains because, upon objection of the state, appellant was not allowed to say that he regretted this occurrence and was sorry about this terrible accident. We think this is but a matter of argument and that no injury could occur to appellant by not being allowed to answer the question.

The same ruling applies to Bill No. 9 wherein it is claimed that appellant was asked if he knew of anything he could do in the matter that had not already been done.

We express the opinion that this record here presented is free from error and the judgment is accordingly affirmed.