### SAMUEL NEWTON ROUSEY V. STATE

No. 31,878. April 13, 1960
Motion for Rehearing Overruled May 25, 1960
Second Motion for Rehearing Overruled October 5, 1960

*Oscar B. Jones* and *Cecil Storey,* Longview, for appellant.

*Ralph Prince,* Criminal District Attorney, Longview, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is felony theft; the punishment, 2 years.

Trial was had and judgment rendered at the term of court which ended January 2, 1960. Sentence was pronounced at the succeeding January-February Term, on February 10, 1960, and notice of appeal was given the same day.

The record shows that appellant is enlarged upon an appeal bond approved and filed February 12, 1960.

An appeal bond entered into during the term of court at which notice of appeal is given does not comply with Art. 818 C.C.P. and confers no jurisdiction upon the Court of Criminal Appeals to entertain the appeal upon the merits. Nesbit v. State, 165 Tex. Cr. Rep. 336, 306 S.W. 2d 901; Martinez v. State, 160 Tex. Cr. R. 142, 268 S.W. 2d 139.

The appeal is dismissed.

### ON MOTION FOR REHEARING

MORRISON, Presiding Judge.

Appellant having entered into appeal bond after the January-February term expired, the appeal is reinstated.

Appellant was caught in the act of stealing a number of used oil well bits belonging to the Hughes Tool Company at Kilgore. He confessed in writing that he and his companions had taken the bits at the time they were caught and that he intended to sell them in Wichita Falls, expecting to receive "from $5.00 to $7.00 each." The indictment alleged and the state's evidence established that they had taken 24 such bits.

The principal question raised is whether or not the state proved value in excess of $50.00.

The state's witness Compton testified that the bits in question, which were taken from his used bit bin, were of "top grade

steel" and ranged in weight from 28 to 87 pounds, depending upon their size, and were suitable for "retipping" and re-use.

The witness Wall, investigator for Hughes Tool Company, testified that he examined the bits in question and found 23 of them in "real good shape," by which he meant that they each had three "combs" with teeth on them and that the bearings therein were still in good shape. He testified that he had investigated oil well bit "retip shops from the Canadian border to the Mexican border for the past five years," was familiar with the reasonable cash market value of such bits in the Kilgore area at the time of the theft, and that ten of the bits which he inspected at the scene of the theft were of the value of $7.00 each, while the remainder were of the value of $5.00 each.

The witness Belcher testified that he had engaged in the business of buying and "retipping drill bits" in the area for the past six years and that if the bearings were in good shape the cash market value of used bits would vary from $5.00 to $7.00 each, depending upon size, and that after retipping they were of much more value.

While Belcher had not examined the bits in question with sufficient care to testify as to how many of them were usable for retipping, his testimony, taken in connection with that of Compton and Wall, is sufficient to show that the value of the total was in excess of $50.00.

Defensive testimony was that the market price of scrap iron in the area at the time was $1.00 to $1.25 per 100 pounds and that old worn or used drill bits were bought and sold as scrap.

We have concluded that the jury were authorized to accept the testimony set forth above and reject the testimony given by the witness Compton at a prior trial of another case to the effect that this company would sell the bits in question for scrap.

Nothing we have herein said is at variance, so far as we are able to determine, with the holdings in the cases upon which appellant relies. The record before us here shows that used bits fall into two classes, each having a separate market value, to-wit: (1) Those which are, because of their condition, suitable for retipping and subsequent reuse, and (2) Those which are so worn as to be salable only as scrap.

Appellant next complains of the failure of the court to give

his requested charge defining reasonable cash market value. We fail to find any material difference between the charge as requested and the one given. Senters v. State, 163 Tex. Cr. Rep. 423, 291 S.W. 2d 739, and cases there cited.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.