GUADALUPE GONZALES V. STATE

No. 31,836. May 18, 1960

*Frederic Johnson* and *A. J. Ellisor*, (by *Frederic Johnson* of Counsel) Sinton, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for murder without malice of Santiago Orozco under 802c, V.A.P.C.; the punishment, two years.

The evidence of the state shows that about 10:30 P.M., the appellant while intoxicated and driving an automobile on a public highway at an excessive rate of speed drove it into the rear of an automobile driven by Porifio Orozco which was travelling in the same direction at 25 or 30 miles per hour and occupied also by his four sons, one of whom was Santiago Orozco.

The evidence further shows that Santiago and Raymundo Orozco were killed as a result of the collision.

Appellant did not testify but called one witness who testified that shortly after 9 P.M. appellant drank part of a bottle of beer at a tavern where she worked and that he was not intoxicated. He also called several other witnesses who testified that he bore a good reputation as a peaceable and law-abiding citizen.

Appellant contends that the evidence is insufficient to support the conviction because it fails to show a causal connection between appellant's intoxication and the accident and death of Santiago Orozco.

Porifio Orozco testified that all the lights on his automobile were burning as he drove along a public highway; that he saw the lights of a car overtaking him and that it "was coming pretty fast and I pulled off to give him a chance" and then the front of the oncoming car hit his car in the right rear. He further testified that Santiago was 13 years of age and in good health before the collision, but afterwards he appeared to be "completely injured".

The driver of the ambulance, who was also a licensed embalmer, testified that when he arrived at the scene of the collision he found the deceased "all broken up, some of the injuries were internal, * * * that his chest was crushed and his neck was badly hurt inside".

There was extensive damage to the right rear of Orozco's car and also to the left front of appellant's car as shown by the pictures of both cars in the record.

When Orozco saw the oncoming car behind him he pulled to the right to "give him a chance", yet, appellant's car veered further to the right as its left front struck the right rear of Orozco's car, and both came to rest in the ditch on their right hand side of the road. It appears that if the appellant had reduced his speed, or had veered to the left, or had continued straight ahead on the highway the accident and resulting death could have been avoided.

The evidence is sufficient to warrant the jury's finding that had appellant been sober he could have avoided the accident which resulted in the death of Santiago Orozco. Long v. State,

154 Tex. Cr. Rep. 587, 229 S.W. 2d 366; Spraglin v. State, No. 31,181 (page 470 this volume) 334 S.W. 2d 798.

Appellant complains of the refusal of the trial court to charge on circumstantial evidence.

Deputy Sheriff Joe Zapata testified that at the scene of the collision he asked who was driving that car, pointing to a car, and Orozco said he was; and when he asked who was driving the other car, appellant answered: "I am, Joe, it was me that was driving." In view of appellant's admission that he was driving the car and evidence that the car was operated upon a public highway, and the testimony that he was intoxicated a charge on circumstantial evidence was not required.

Finding the evidence sufficient to support the conviction, and no reversible error appearing the judgment is affirmed.

Opinion approved by the Court.