LLOYD MADISON STEWART V. STATE

No. 34,367.   March 7, 1962
Motion for Rehearing Overruled April 18, 1962

*Jack W. Knight*, Houston, for appellant.

*Henry Wade*, Criminal District Attorney, *Frank Watts, James K. Allen, Phil Burleson*, Assistants District Attorney, Dallas, and *Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is under Art. 802c, Vernon's Ann. P.C., for the offense of murder without malice with punishment assessed at confinement in the penitentiary for a term of five years.

The State's testimony shows that on the day in question, an automobile in which appellant and his two companions, Billy J. Matthews and William H. Vaughn, were traveling, collided with a Chevrolet automobile around 6 P.M. at the intersection of Westmoreland and Ledbetter streets in the city of Dallas. In the collision appellant and his companions received certain serious injuries and four persons riding in the Chevrolet automobile were killed.

It was shown by the State's testimony that prior to the collision appellant and his two companions had been together drinking. They first met at the Manhattan Club around 4:30 P.M. at which time appellant had a pint bottle of Scotch whisky one-fourth full. After he and Vaughn consumed the whisky they purchased a fifth of Ballentine Scotch Whisky which they opened and each mixed a drink. The three then left the place and drove to Hall's Drive In in appellant's automobile. Appellant drove the car. While driving between the two places appellant and Vaughn finished their drinks. At Hall's Drive In appellant and Vaughn each mixed another drink which they consumed. During all of the time Matthews was drinking beer. At 5:30 P.M. they left Hall's Drive In and drove to Westmoreland Heights Shopping Center where Vaughn got out of the automobile, went into a store, cashed a check, and purchased some cigarettes. He then returned to the automobile and got in the front seat with appellant and Matthews. Appellant, who was sitting under the steering wheel, then proceeded to drive the automobile from the

place to the intersection where the collision occurred. Vaughn testified that while driving from the shopping center to the point of the collision appellant drove the automobile at a speed in excess of 100 miles per hour and that at least "three, four or five" times he screamed to the appellant "For God sakes slow down!" but that appellant did not heed his warning and continued driving at the high rate of speed. Vaughn also testified that in his opinion appellant was on such occasion under the influence of intoxicating liquor.

The proof shows that after the collision the two automobiles left the ground and came to rest on top of a 5½ ft. embankment with the front of the appellant's automobile embedded over ¾ way into the right side of the Chevrolet. The Chevrolet had moved 46 feet from the point of impact and there were skid marks 56 ft. in length in a southerly direction on Westmoreland Street. In the collision appellant and two of the occupants of the Chevrolet automobile were thrown from the vehicles in which they were riding. A partially empty bottle of Ballentine's Scotch Whisky was found in appellant's automobile. Accident Investigator Middleton, who went to the scene, testified without objection that in his opinion the appellant's automobile was traveling south on Westmoreland and the Chevrolet automobile was traveling west on Ledbetter. The officer testified that he could smell the odor of alcohol on appellant's breath at the scene of the accident. He further testified that in a conversation with appellant later in the evening at the hospital, appellant told him that the car belonged to his wife and that he was driving it at the time of the collision.

As a witness in his own behalf appellant stated that because of certain head injuries which he sustained he did not remember the collision. Appellant admitted that prior to the accident he had a drink of whisky and one beer but denied that he was intoxicated. Appellant stated that while he did not remember the collision, he was under the impression that Matthews was driving the automobile and denied that he was the driver.

Witnesses were called by appellant who testified that they had observed him prior to the collision on the afternoon in question and expressed the opinion that at such time he was not intoxicated.

The jury by their verdict resolved the disputed issues against appellant and we find the evidence sufficient to support their verdict.

Appellant complains of the court's charge on the ground that it did not properly instruct the jury on the required causal connection between his intoxication and the collision necessary to convict under the statute.

Appellant relies upon the decisions by this Court which hold that in prosecutions of this nature it is the court's duty to instruct the jury as to the causal connection between the accused's intoxication and death of the deceased necessary to convict.

In submitting the issue of appellant's guilt to the jury the court instructed as follows:

"Now, therefore, I instruct you that if you find and believe from the evidence beyond a reasonable doubt that the Defendant, Lloyd Madison Stewart, as charged in the indictment, in the County of Dallas, and the State of Texas, on or about the 17th day of December, 1960, *did then and there unlawfully while intoxicated or while under the influence of intoxicating liquor drive or operate a motor vehicle, to-wit: an automobile, upon a public road and highway in Dallas County, Texas, and did then and there in the execution, if any, of said unlawful act, if any, through mistake or accident kill Catherine Murphy, Stephen Rowe, Cris Rowe and Elizabeth Rowe Murphy, by then and there driving said motor vehicle into and causing it to collide with an automobile then and there occupied by the said* * * *, and that there was then and there no intention on the part of the said Lloyd Madison Stewart to kill the said * * *, if he did, then you will find the Defendant guilty of Murder Without Malice as charged in the indictment * * *."

As heretofore shown, appellant denied that he was intoxicated and that he was the driver of the automobile at the time of the collision.

Under the evidence there was no issue raised that the cause of the collision and death of the deceaseds was entirely disconnected with appellant's intoxication and therefore a defensive charge as to the causal connection was not required.

The charge given by the court, under the evidence presented, was sufficient; hence no error is shown.

The judgment is affirmed.

Opinion approved by the Court.