Robert **WEBSTER** and Leon Webster, Appellants,

v.

The **STATE** of Texas, Appellee.

No. 42845.

Court of Criminal Appeals of Texas.

May 20, 1970.

Rehearing Denied July 8, 1970.

John W. Hardy, Tyler, for appellants.

Hunter B. Brush, Dist. Atty., and F. R. Files, Jr., Asst. Dist. Atty., Tyler, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is felony theft; the punishment, enhanced by two prior convictions less than capital (Art. 63 P.C.), life.

Three defendants, Robert Webster, Leon Webster and Patsy Webster, were jointly

indicted and tried for felony theft of an automobile. The trial was before a jury on pleas of not guilty. At the conclusion of the evidence, the court charged the jury to return a verdict of "not guilty" as to the defendant Patsy Webster. The jury found the defendants Robert Webster and Leon Webster guilty and the court assessed their punishment.

The first count of the indictment alleged ownership of the vehicle in George W. Oge, and the second count alleged ownership in Mike Live*z*y. Before any evidence was heard, the first count of the indictment was withdrawn.

In their first ground of error, appellants contend that the indictment is fatally defective for the reason (1) that ownership of the vehicle was not properly stated and (2) that the name of the owner is Mike Live*z*ey and not Mike Live*z*y, as alleged in the second count of the indictment.

■ The evidence shows that George W. Oge was President of Oge Oldsmobile, Inc., of which Mike Live*z*ey was Vice-President and General Manager. It was further shown that Mr. Livezey, as Vice-President and General Manager, was charged with the custody and control of the vehicle in question at the time of the commission of the offense. The evidence clearly shows that Mr. Livezey qualified as a special owner of the said vehicle.

■ Article 21.08 Vernon's Ann.C.C.P. provides in part:

"Where one person owns the property, and another person has the possession of the same, the ownership thereof may be alleged to be in either. * * *."

The provisions of Article 21.08, supra, as to ownership apply alike to special owners as well as general owners. Bebout v. State, Tex.Cr.App., 418 S.W.2d 685; 5 Branch's Ann.P.C.2d 69, Sec. 2621.

■ Variance between the allegations and the proof does not render an indictment fatally defective. The variance, if fatal, may render the evidence insufficient to sustain a conviction.

■ The variance in the spelling of the name of the complaining witness is not fatal, the names "LIVEZY" and "LIVEZEY" being idem sonans. Crye v. State, Tex.Cr.App., 391 S.W.2d 57, 1 Branch's Ann.P.C.2d 31, Sec. 39.

Appellants' first ground of error is overruled.

■ Appellants' second ground of error is that the trial court erred in its refusal to give appellants' requested charges, both of which related to fraudulent intent at the time the automobile was allegedly taken. The court properly charged the jury on fraudulent taking and the law of principals and submitted the case, with the usual charge, as one of circumstantial evidence. The subject matter of appellants' requested charges was adequately covered in the court's charge. The refusal of the requested charges was not reversible error.

Appellants' second ground of error is overruled.

■ Appellants' final ground of error is that the trial court erred in refusing to allow certain testimony to be given by appellants' co-defendant Patsy Webster.

At the trial, Mrs. Webster, the wife of Robert Webster, attempted to testify with regard to a conversation she had with Robert Webster. Counsel for the state objected to such testimony and the objection was sustained by the court. It is not shown what the testimony of the witness would have been had she been permitted to testify. The ground of error presents nothing for review. East v. State, Tex.Cr.App., 420 S.W.2d 414.

Finding no reversible error, the judgment of the trial court is affirmed.