**J. D. PARR, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 54736.

Court of Criminal Appeals of Texas,
Panel No. 1.

Sept. 27, 1978.

Rehearing Denied Jan. 17, 1979.

Rehearing En Banc Denied
Feb. 21, 1979.

James E. Forbis, Decatur, for appellant.

Jerry W. Woodlock, Dist. Atty., Brock R. Smith, Asst. Dist. Atty., Gainesville, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for the offense of involuntary manslaughter. V.T.C.A., Penal Code, Sec. 19.05(a)(2). Punishment was assessed by the jury at five years' imprisonment.

The evidence adduced at trial revealed that on the evening of July 2, 1974, Mary Elizabeth Finley was struck and killed by a pickup truck driven by the appellant.

Virgil Waldrip testified that, on July 2, he was driving south on Highway 114 when he noticed the appellant's blue and white Chevrolet pickup truck driving toward him. When Waldrip first saw the appellant, the appellant was driving halfway on the shoulder of the road and halfway on the road. The appellant then drove onto the road and back onto the shoulder. Once again driving on to the road, the appellant crossed the center stripe and ran Waldrip off the road. Waldrip then observed the appellant drive back into the proper lane and off onto the shoulder. The appellant next swerved back

onto the road, across the center stripe, across a ditch and ran into someone's yard, crashing into some trees. Waldrip turned his car around and drove to the scene. When he arrived, he saw the appellant sitting behind the steering wheel and went over to ask the appellant if he was hurt. The appellant replied that he was not injured. When the ambulance arrived, Waldrip and the ambulance driver helped the appellant out of the truck and into the ambulance. Waldrip noticed the smell of liquor on the appellant's breath.

Sheriff Eldon Moyers testified that he spoke to the appellant at the hospital and the appellant said he had driven the pickup. Moyers noticed a strong smell of alcohol about the appellant and the appellant's eyes were watery. It was Moyer's opinion that the appellant was intoxicated.

Patrolman Harold McFerrin testified that he received a call at 8:12 p. m. on July 2 and proceeded directly to the scene. Upon arrival, he ran a license check on the pickup truck and found it was registered to the appellant. McFerrin then examined the body of the deceased and when he felt her arm he could not find a pulse. He proceeded to the hospital to talk to the appellant. McFerrin noticed that the appellant's eyes were watery and bloodshot and there was the smell of alcohol on the appellant's breath. McFerrin stated that it was his opinion the appellant was intoxicated.

Diana Cottle, a ten-year-old friend of the deceased, testified that she, Lisa Eckman, and the deceased were playing in the yard immediately prior to the incident on July 2. In describing the incident, Cottle stated, "The truck—well, it came and well, you know, we just let go and it got her [the deceased] on the bumper and took her through the tree and stuff."

Kathryn Finley, the deceased's mother, testified that the deceased was in good health prior to the accident and afterwards she was not breathing. Justice of the Peace H. M. Bunnell held a coroner's inquest after the incident and examined the body of the deceased, identified to him as Mary Elizabeth Finley. Bunnell observed that she was not breathing and her intestines were exposed. He pronounced her dead at the scene.

Officer Paul Geiser testified that he had been requested to go to the hospital to try to obtain a blood sample from the appellant. After arriving at the hospital, Geiser identified himself to the appellant and asked the appellant if he would give a blood sample. After the appellant refused three times, he finally consented to the taking of the blood sample. Geiser then asked a nurse to take the sample.

Fay Thurman stated that Officer Geiser asked her to take the blood sample from the appellant. Thurman agreed to take the sample with the appellant's consent. When Geiser and Thurman then approached the appellant and asked if they could draw blood, the appellant agreed, saying he couldn't deny it, "you might as well." She then took a sample of appellant's blood which Officer Geiser placed in a glass vial.

Dennis Johnson, a Texas Department of Public Safety chemist, testified that he received the vial in the mail and analyzed the blood for alcoholic content. The analysis revealed that the blood contained .23 percent alcohol. Johnson stated that, in his opinion, a person would be intoxicated if his blood contained .10 percent alcohol or more.

The appellant testified in his own behalf that he was a disabled veteran and was required to take several types of medication and use an aspirator. The appellant stated that while he had been drinking the two days preceding July 2, he did not drink any alcoholic beverages on that day. The appellant related that he went to Fort Worth accompanied by his housekeeper, and wife at the time of trial, Teresa Finoglio. After depositing his disability check in the bank, the appellant paid several bills. He then drove to the house of Finoglio's daughter where he left Finoglio to visit her four youngest children. After he went to the commissary at Carswell Air Force Base, the appellant returned after 6 o'clock to pick up his housekeeper and her children. Before leaving Fort Worth, the appellant stopped and bought two 12-packs of beer, which he

did not open. They then proceeded to Irene Dawson's house in order to deliver some grocery items and left the Dawson residence at approximately 7:30 p. m. During this time, Finoglio had some beer to drink, but the appellant did not drink anything.

After they left Dawson's house, the appellant noticed a vehicle approaching, heading into his lane of traffic. The appellant swerved to the right but was still in the path of the oncoming car. He turned the wheel sharply to the left to miss the car, but when he tried to turn the truck back to the right the steering wheel locked. The appellant hit the ditch on the other side of the road and lost consciousness.

Teresa Finoglio Parr, the appellant's wife at the time of trial, corroborated the appellant's testimony. She stated that she did have a beer when she left her daughter's house and again at Irene Dawson's house. However, she testified that she did not see the appellant drink during the day. Concerning the accident, she stated that when they swerved left to avoid the oncoming car the steering wheel apparently locked. After the collision, the appellant appeared unconscious.

Irene Dawson testified that when the appellant left her house at 7:30 p. m. he appeared normal and was not intoxicated. The defense also introduced testimony from a bank teller and an electric company employee who testified that, during their dealings with the appellant on July 2, the appellant was not intoxicated.

Ernest McDaniel, the manager of a service station, testified that he examined the steering mechanism on the appellant's truck after the accident. He stated that the locking mechanism was not working properly and the steering wheel was in a locked position which could not be unlocked.

In his fourth ground of error, the appellant contends that the definition of intoxication under V.T.C.A., Penal Code, Sec. 19.05(b) is "too broad to meet the constitutional test of certainty and is unduly vague." V.T.C.A., Penal Code, Sec. 19.05(b) provides:

"For purposes of this section, 'intoxication' means that the actor does not have the normal use of his mental or physical faculties by reason of the voluntary introduction of any substance into his body."

Appellant argues that the statutory wording which condemns the voluntary introduction of *any substance* into the body fails to give adequate or proper notice to the citizenry as to what conduct will be considered criminal on their part. As this Court stated in *McMorris v. State,* 516 S.W.2d 927:

"A statute is void for vagueness if it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute, *Papachristou v. City of Jacksonville,* 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); *United States v. Harriss,* 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed.2d 989 (1953), and if it encourages arbitrary and erratic arrests and convictions. *Papachristou v. City of Jacksonville,* supra; *Thornhill v. Alabama,* 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed.2d 1093 (1940); *Herndon v. Lowrey,* 301 U.S. 242, 57 S.Ct. 732, 81 L.Ed.2d 1066 (1937).

A clear and precise statute may nevertheless be overbroad if in its reach it prohibits constitutionally protected conduct."

Appellant argues that the statute does not give notice to the citizens of this State which substances are prohibited by Sec. 19.-05(b) and that such statute condemns protected conduct. Specifically, appellant points out that the statute, in its reach, might prohibit the driving of a motor vehicle while a person is voluntarily taking a drug prescribed by a physician, such as a tranquilizer or an antihistamine.

It is presumed that, in enacting a statute, the entire statute is intended to be effective, a just and reasonable result is intended, and a result feasible of execution is intended. *Lovell v. State,* Tex.Cr.App., 525 S.W.2d 511; Article 5429b–2, V.A.C.S. In viewing Sec. 19.05 as a whole, we find that Sec. 19.05(b) seeks to define, and thereby prohibit under Sec. 19.05(a)(2) a specific type of conduct. The conduct condemned is

when a person operates a motor vehicle when such person does not have the normal use of his mental and physical faculties and such conduct causes the death of an individual. As can be readily seen from this paraphrase of the statute, the statute does not focus on what substance or substances a person introduces into his body. Rather, the statute condemns only that conduct when, having voluntarily introduced a substance (albeit a legally prescribed drug) into his body, a person does not have the normal use of his mental or physical faculties *and* such person operates a motor vehicle *which* results in the death of an individual due to his impaired condition.

 In a closely analogous situation, it is not a violation of the laws of this State for an adult to drink intoxicating liquors. Cf. Article 106.04, Alcoholic Beverage Code. However, if a person operates a motor vehicle upon a public road while such person is under the influence of intoxicating liquor, such conduct is prohibited.[1] Article 6701*l* –1, V.A.C.S. Consequently, it is not the act of consuming the intoxicating liquor which is prohibited, but only when a person also operates a motor vehicle on a public road while under its influence. *Nelson v. State,* 96 Tex.Cr.R. 210, 261 S.W. 1046; *Williams v. State,* 100 Tex.Cr.R. 50, 271 S.W. 628; *Nunn v. State,* 114 Tex.Cr.R. 487, 26 S.W.2d 648; *Herring v. State,* 117 Tex.Cr.R. 211, 35 S.W.2d 737; *Grant v. State,* Tex.Cr.App., 505 S.W.2d 279.

 Likewise, in the instant case, it is not a violation of the law for a person to insert a legal substance or a prescribed drug into his body. Cf. Articles 4476–14 and 4476–15, V.A.C.S. However, if that person thereby loses the normal use of his physical or mental faculties, operates a motor vehicle, and kills an individual due to his impaired condition, such conduct is a violation of Sec. 19.05(a)(2). Consequently, we hold that Sec. 19.05(b), when construed with Sec. 19.05(a)(2), is sufficiently definite to give a person of ordinary intelligence fair notice of what conduct is forbidden by statute and

that such statute does not reach constitutionally protected conduct. *McMorris v. State,* supra; see and cf. *Brandon v. State,* 146 Tex.Cr.R. 480, 176 S.W.2d 323; *McCarthy v. State,* 153 Tex.Cr.R. 149, 218 S.W.2d 190. Appellant's contention is overruled.

In his third ground of error, the appellant complains that the indictment is fatally defective for failing to apprise him of the substance he allegedly introduced into his body. V.T.C.A., Penal Code, Sec. 19.05(a)(2) provides that a person commits an offense if he:

"By accident or mistake when operating a motor vehicle while intoxicated and, by reason of such intoxication, causes the death of an individual."

The relevant portion of the indictment in the instant case alleges that the appellant:

" . . . by accident and mistake when operating a motor vehicle while intoxicated, and by reason of said intoxication cause the death of an individual, Mary Elizabeth Finley, by then and there driving said motor vehicle into and causing it to collide with the said Mary Elizabeth Finley, . . . ."

As a general rule, an indictment in the language of the statute creating and defining the offense charged will be sufficient. *Neill v. State,* Tex.Cr.App., 225 S.W.2d 829; *Lopez v. State,* Tex.Cr.App., 494 S.W.2d 560; *Mears v. State,* Tex.Cr.App., 557 S.W.2d 309. In the instant case, the indictment tracks the statute and is sufficient to charge an offense against the laws of this State. Appellant's contention regarding the specificity of the substance relates to the certainty of the allegations and notice. Such complaints as to the sufficiency of the indictment must be raised in the trial court by a motion to quash. Articles 21.21(7) and 27.09(2), V.A.C.C.P.; *Mears v. State,* supra; *Stribling v. State,* Tex.Cr.App., 542 S.W.2d 418. In the instant case, the appellant failed to present a motion to quash the indictment to the trial court. Having failed to challenge the indictment at the trial level, his complaint as to its sufficiency cannot be considered on appeal. *American Plant*

---

1. See and cf. Article 6701d, Sec. 50, V.A.C.S.

*Food Corporation v. State,* Tex.Cr.App., 508 S.W.2d 598; *Trevino v. State,* Tex.Cr.App., 519 S.W.2d 864; *Hughes v. State,* Tex.Cr. App., 561 S.W.2d 8. We conclude that the indictment was sufficient, absent a motion to quash, to charge an offense under Sec. 19.05(a)(2). Appellant's contention is overruled.

In his Ground of Error 1, appellant complains that the trial court erred in refusing to give a charge on circumstantial evidence. Specifically, the appellant alleges that there was no direct evidence that his intoxication caused the death of Mary Elizabeth Finley.

In *Gonzales v. State,* 169 Tex.Cr.R. 492, 335 S.W.2d 385, an appeal from a conviction under our formal penal code, Article 802c, V.A.P.C., this Court faced the same contention now urged by the appellant. In that case, this Court stated:

" . . . In view of appellant's admission that he was driving the car and evidence that the car was operated upon a public highway, and the testimony that he was intoxicated a charge on circumstantial evidence was not required."

It was established by direct evidence that Mary Elizabeth Finley was in good health prior to the incident and was dead after being struck by the pickup truck. There was other direct evidence that the appellant was the driver of that truck. Several witnesses testified that the appellant was intoxicated. Dennis Johnson testified that a chemical analysis of the appellant's blood revealed a .23 percent alcohol content and that a person would be intoxicated with .10 percent alcohol in the blood.

█ Under the facts of this case, we hold that a charge on circumstantial evidence was not required. We observe that appellant's contention is more properly a complaint concerning causation. In cases of this nature, the existence or nonexistence of such causal connection is normally a question for the jury. See *Sanchez v. State,* Tex.Cr.App., 398 S.W.2d 117; *Stewart v. State,* 172 Tex.Cr.R. 253, 355 S.W.2d 706; *Dorsche v. State,* Tex.Cr.App., 514 S.W.2d 755. In the present case, the jury was properly charged with reference to the ne-

cessity of a causal connection. Appellant's contention is overruled.

█ In his Ground of Error 2, the appellant contends that the trial court erred in failing to give his special requested instruction relative to the presumption of intoxication. The appellant requested the following instruction:

"You are further instructed that if it is shown beyond a reasonable doubt by chemical analysis of a person's blood, urine, or other bodily substance, that there was at the time of the act alleged 0.10 per cent or more by weight of alcohol in the person's blood, it shall be presumed that the person was under the influence of intoxicating liquor; however, such amount of alcohol in the blood of the person, if you find there was such amount of alcohol in the blood of the person, merely raises a presumption that such person was under the influence of intoxicating liquor. This presumption is not conclusive, but may be considered by you along with all the other evidence in the case, and if, upon consideration of all the evidence, you entertain a reasonable doubt as to whether or not the defendant was under the influence of intoxicating liquor, you must find him not guilty."

The court charged the jury as follows:

"You are further instructed that if it is shown beyond a reasonable doubt by chemical analysis of a person's blood, urine, or other bodily substance, that there was at the time of the act alleged 0.10 per cent or more by weight of alcohol in the person's blood, it shall be presumed that the person was under the influence of intoxicating liquor; however, such amount of alcohol in the blood of the person, merely raises a presumption that such person was under the influence of intoxicating liquor. This presumption is not conclusive, but may be considered by you along with all the other evidence in the case."

It is well established that special requested charges may be properly refused where the instructions given by the court are adequate

and fully protect the accused as to the matters included in the requested charges. *Mitchell v. State,* Tex.Cr.App., 517 S.W.2d 282; *Aranda v. State,* Tex.Cr.App., 506 S.W.2d 221; *Webster v. State,* Tex.Cr.App., 455 S.W.2d 264; *Wood v. State,* Tex.Cr. App., 440 S.W.2d 640. In the instant case, the charge given was substantially the same as the charge requested and adequately protected the appellant's rights. *Powell v. State,* Tex.Cr.App., 494 S.W.2d 575; *Parks v. State,* Tex.Cr.App., 437 S.W.2d 554; *Rousey v. State,* 170 Tex.Cr.R. 27, 338 S.W.2d 254; see *Easdon v. State,* Tex.Cr. App., 552 S.W.2d 153. Appellant's ground of error is overruled.

▇ In his final ground of error, the appellant complains of the following argument by the prosecutor:

"If you would, besides considering all of this evidence—you know I said it's also important that you all are the judges of the credibility or the believability of the witnesses. Who has got something to gain here? I don't have anything to gain. I've got more cases—and I think the Judge will tell you that, I've got more cases right now than I can possibly get to.

I'll also tell you, and I hope this doesn't affect whether you vote for me or not next time, I've dismissed plenty of cases when I don't think there's enough evidence to go to trial on them. There is no point in trying them.

MR. FORBIS [Appellant's attorney]: Your Honor, I object to this argument. I've pled a lot of people guilty, too, but I don't think that has anything to do with the facts in this case.

THE COURT: I sustain the objection.

MR. FORBIS: I request that the Jury be instructed to disregard those arguments.

THE COURT: Yes, sir.

MR. FORBIS: I respectfully move for a mistrial.

THE COURT: Denied."

The appellant argues that the prosecutor was asking the jury to accept his personal opinion of guilt and such argument requires reversal. In *Spaulding v. State,* Tex.Cr. App., 505 S.W.2d 919, the prosecutor stated: "I wouldn't be up here right now if I didn't think this man was guilty . . . ." The defendant's objection was sustained and the jury was instructed to disregard, but the defendant's motion for mistrial was denied. This Court held in *Spaulding* that the prompt action by the trial court, followed by an instruction to disregard, removed the harmful effect and no reversible error was presented. Similarly, in the instant case, we find the trial court's action cured any error. *Willis v. State,* Tex.Cr.App., 518 S.W.2d 247; *Taylor v. State,* Tex.Cr.App., 550 S.W.2d 695; *Wyatt v. State,* Tex.Cr. App., 566 S.W.2d 597, 1978. Cf. *Elizondo v. State,* Tex.Cr.App., 545 S.W.2d 453. Appellant's final contention is overruled.

The judgment is affirmed.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

DOUGLAS, Judge.

Appellant in this motion for rehearing for the first time argues that his sentence was prematurely pronounced and this Court was, therefore, without jurisdiction to hear his appeal. Parr urges that we dismiss his appeal and allow the case to proceed with a timely sentencing and whatever subsequent appellate steps Parr chooses to pursue.

The jury assessed punishment against appellant and a judgment was entered on September 12, 1975. Within ten days of this date, on September 19, 1975, appellant filed a motion for new trial. He was sentenced on October 6, 1975. On that date the trial court had not directly overruled his motion for new trial and, because it had not been on file for twenty days, it had not been overruled by operation of law. Article 40.05, V.A.C.C.P.

▇ A sentence should not be pronounced until the motion for new trial is overruled. *Ex parte Shields,* 550 S.W.2d 670 (Tex.Cr.App.1977). However, in *Shields,* we carefully analyzed the nature of this defect and concluded that it rendered the sentence voidable, not void.

▇ In the instant case, appellant acquiesced to the premature sentence. He

neither objected at the time nor raised it in his appellate brief. Instead, he raises it for the first time on motion for rehearing. Under Article 40.09, V.A.C.C.P., this Court has power to review only grounds of error raised by the "defendant's brief in the court" and unassigned error which in our opinion "should be reviewed in the interest of justice." Given appellant's decision to acquiesce in the premature sentencing, his decision not to raise the issue until after our original opinion was handed down, and the fact that the defect renders the sentence voidable not void, we conclude that consideration of the issue would not be in the interest of justice. *Housewright v. State,* 573 S.W.2d 233 (Tex.Cr.App.1978) (opinion on original submission).

The motion for rehearing is overruled.

ROBERTS, Judge, dissenting.

For the reasons stated in my dissenting opinion in *Housewright v. State,* 573 S.W.2d 233 (Tex.Cr.App.1978), I dissent. If a motion for new trial is timely filed, sentence should not be pronounced until the motion has been expressly overruled following a hearing or overruled by operation of law. See *Ex Parte Shields,* 550 S.W.2d 670, 674 (Tex.Cr.App.1977). Since the pronouncement of sentence in this case was untimely and premature, I would dismiss the appeal.